O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. I do not concur with Mr. Justice HATCH. The application to discontinue this action was made before the determination of the issues presented, and before the right of the defendant's attorney to any costs had accrued. It is conceded that there was no cause of action upon which he could have a lien, and the only contingency in which he would be entitled to costs would be a decision or verdict in favor of the defendant upon the trial of the action. The court certainly would have no right to compel the plaintiff to continue the action, or to allow the defendant's attorney to continue the action, for the purpose of ascertaining whether or not there would be a decision or verdict in favor of the defendant. There was, therefore, nothing to justify the court in refusing to continue the action, all parties to the action consenting thereto, simply for the reason that, if it had been determined that the defendant was entitled to a decision or verdict in his favor, his attorney would be entitled to costs from the plaintiff. I think the order should be affirmed.

VAN BRUNT, P. J., concurs.

---

(54 App. Div. 189.)

PAULSON v. NEW JERSEY & N. Y. R. CO. et al.

(Supreme Court, Appellate Division, First Department. October 19, 1900.)

1. TRIAL—MOTION TO DISMISS—OBJECTIONS—ORDER—RECITALS.
   Where the defendant moves for a dismissal of an action on the ground of unreasonable neglect to prosecute, and plaintiff objects to the sufficiency of the motion, and submits affidavits in opposition to it, the plaintiff is entitled to have his objection and affidavits recited in the order granting defendant's motion.

2. DISMISSAL AND NONSUIT—UNREASONABLE NEGLECT TO PROSECUTE—YOUNGER ISSUES—TRIAL—DISCRETION OF COURT.
   Where the defendant fails to include a statement that younger issues have been tried in a motion to dismiss an action on the ground of unreasonable neglect to prosecute, but it appears that five years have elapsed without moving the cause for trial, and the court's calendars show that younger issues have been tried, the disposition of the motion is within the discretion of the court.

3. SAME—MOTION BY ONE OF SEVERAL DEFENDANTS—EFFECT OF MOTION ON DEFENDANTS NOT NOTIFIED.
   Where but one of several defendants moves that an action be dismissed because of unreasonable neglect to prosecute, and the others were not notified, heard, or represented on the motion, the action can be dismissed only as to the moving defendant.

Appeal from special term, New York county.

Action by Anthony Paulson against the New Jersey & New York Railroad Company and others. From an order dismissing the complaint because of the plaintiff's failure to prosecute the action, and from an order denying the plaintiff's motion to resettle the order dismissing the complaint, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John H. Whiting, for appellant.

H. C. Smyth, for respondents.

O'BRIEN, J. It being conceded by the respondents that the affidavit which the appellant moved to have recited in the order dismissing the complaint was used on the motion, the judge at special term should have resettled the order accordingly. But, as the point which it was sought to raise by the preliminary objection and by the affidavit appears from the record, we shall give the appellant the benefit thereof, and dispose of the question involved in the appeal without putting him to the trouble of having the order resettled. The court will take judicial notice of the condition of its own calendars, and the statement that the plaintiff has for five years omitted to proceed with the action is a sufficient one from which the inference can be drawn that younger issues have been tried. It would, of course, be better, particularly in jury cases, to have the statement that younger issues have been tried formally embodied in the affidavit upon which the motion to dismiss for failure to prosecute is made; but its absence is not a fatal objection where, as here, it appears that many years have elapsed without moving the cause for trial, and the court, of necessity, is in possession of the knowledge that during that time younger issues have been tried. Our conclusion, therefore, is that the disposition made in dismissing the complaint was, upon the facts presented, within the discretion of the judge at special term. We think, however, that as but one of the defendants moved, and the other two defendants were not notified, heard, or represented on the motion, the complaint should have been dismissed only as against the moving defendant. The order accordingly should be modified by so limiting the dismissal to the moving defendant, the Union Bridge Company, and, as so modified, it should be affirmed, without costs. All concur.