CARUTHERS *v.* DAVIS.

Opinion delivered April 17, 1922.

DISMISSAL AND NONSUIT—EFFECT OF ORDER.—Where, in an action against a railroad company and a Federal agent, which accrued while the road was operated by the United States, an order sustaining a motion to dismiss as to the railroad company because the cause of action was against the Federal agent alone was no broader than the motion and operated as a dismissal as to the railroad company alone.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*A. D. Whitehead,* for appellant.

The court erred in dismissing appellant's complaint as to Jas. C. Davis, agent, sec. 206, act of Congress 1920; 147 Ark. 605. Appellant's vested rights were not destroyed. 147 Ark. 605.

*Thos. B. Pryor* and *Daggett & Daggett,* for appellee.

The complaint should have been dismissed as to Jas. C. Davis. *Mo. Pac. Rd. Co.* v. *Ault,* 256 U. S. 554.

WOOD, J.   This action was brought by the appellant against James C. Davis, agent of the United States Government, and the Missouri Pacific Railroad Company to recover damages in connection with the shipment of certain household goods.   It was alleged that James C. Davis as the agent of the United States government was in control and was operating the Missouri Pacific Railroad Company and the Yazoo & Mississippi Railroad Company, railroad corporations, and that, through the negligence of the defendants' agents and employees in a manner which is specifically set forth in the complaint, the damage was caused for which appellant seeks to recover.

Summons was issued only against the Missouri Pacific Railroad Company and was served, as shown by the return of the sheriff, as follows: "I have this third day of October, 1921, duly served the within by delivering a true copy of the same to the within named Missouri Pacific Railroad Company through its agent, E. J. Wyeth, as herein commanded."

The following motion was filed: "Comes the Missouri Pacific Railroad Company and moves the court to dismiss this cause of action as to it, and shows the court that the cause of action set out in plaintiff's complaint occurred and accrued on the 12th day of December, 1919, at which time the Missouri Pacific Railroad Company was under the control of and was being operated by the Federal Government, and therefore plaintiff's cause of action, if any he has, is against the agent of the United States, as provided in the act of 1920, known as the Tiller Transportation Act."

The record contains the following order: "Now on this day comes the defendant by attorney C. E. Daggett, Esq., and by leave of the court files motion to dismiss the cause, which said motion coming on to be heard and the court, being well and sufficiently advised, doth grant said motion, to which ruling of the court in dismissing said cause the plaintiff at the time excepted and asked that his exceptions be noted of record, which was done."

The appellant prosecutes his appeal from this order.

It will be observed that there is no final judgment dismissing the cause of action either against the Missouri Pacific Railroad Company or against the Director General, James C. Davis. The record entry of the final order from which the appeal is taken only shows that the motion to dismiss was granted. The motion itself shows that it was a motion made by the Missouri Pacific Railroad Company "to dismiss this cause of action as to it." So, if the order of dismissal could be treated as a final judgment, it at most would be but a final judgment dismissing the cause as to the Missouri Pacific Railroad Company. That was all that was asked in the motion and all that could be granted within the pleading.

It is not contended that the court erred in dismissing the complaint as to the Missouri Pacific Railroad Company. There is no other issue before us in any possible view of the record. The judgment therefore is correct, and it is affirmed.