JOE CHERNOW, Appellant, v. HARRY FELDMAN et al., Respondents, et al., Defendants.— Plaintiff appeals from an order denying his motion for leave to serve a second amended complaint on respondent Weinstein and granting the cross motion of the latter to dismiss the complaint for lack of prosecution. Order modified on the law by limiting the dismissal to Weinstein, the moving respondent, and as so modified the order is unanimously affirmed, without costs. (*Paulson* v. *New Jersey & N. Y. R. R. Co.*, 54 App. Div. 189.) Appeal from judgment dismissed, without costs. There is no judgment printed in the record. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

CITY OF NEW ROCHELLE, Appellant, v. COUNTY OF WESTCHESTER, Respondent.— Action to foreclose certain tax liens upon property situated in the City of New Rochelle and owned by the County of Westchester. Appellant claims that the property is not tax exempt since the highway purpose for which the respondent acquired fee title to the property has been abandoned, and that chapter 444 of the Laws of 1928 is unconstitutional. Judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent, v. SALVATORE F. GIARRATANO, Appellant.— Order of filiation entered against the defendant after trial by the Court of Special Sessions of the City of New York, Borough of Queens, and order insofar as it denies certain items set forth in defendant's motion for a bill of particulars, unanimously affirmed. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.

LEONARD GREENBERG, an Infant, by HARRY GREENBERG, His Guardian ad Litem, et al., Appellants, v. JACOB COOPERMAN, Doing Business as STRAND BUTTER & EGGS MARKET, Respondent.— Action by an infant, less than two years old, to recover damages for personal injuries sustained by him, and by his father for expenses and loss of services. The infant was injured when his right hand came in contact with a piece of jagged glass which was protruding from a broken showcase which defendant had temporarily placed upon the sidewalk in front of his premises. The court dismissed the complaint on the merits at the close of plaintiffs' case. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. In our opinion plaintiffs established a prima facie case. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.