Benjamin Brenner, J.
Defendant Leo-Mac Builders, Inc. (hereinafter referred to as “Leo-Mac”) moves to dismiss plaintiffs’ complaint for failure to diligently prosecute an action for personal injuries.
Issue was joined as to defendant Leo-Mac on February 14, 1958 and as to defendant Kiraga on or about April 9,1958. The latter defendant had moved to dismiss for failure to prosecute but notice of such motion was not given to defendant Leo-Mac. On November 13, 1959 an order was made dismissing the action unless plaintiff filed a note of issue for the January 1960 Term, which they failed to do.
Apparently both plaintiffs and defendant Leo-Mac regarded the 1959 order of dismissal to be effective as against both defendants for it was not until August 16, 1961 that plaintiffs moved and obtained an order to vacate it and for a severance to proceed against defendant Leo-Mac, and shortly thereafter, on September 6, 1961, the latter defendant moved for the instant dismissal. During these latter two dates plaintiffs noticed the case for trial as to defendant Leo-Mac for the October 1961 Term.
Obviously the 1959 order dismissing the action could have no effect on plaintiffs’ cause against defendant Leo-Mac as notice of the motion upon which it was based was not given to said defendant (Civ. Prac. Act, § 163; Rice v. Ehele, 55 N. Y. 518) and as a suit against several defendants cannot be terminated at the instance merely of one of them. This view was apparently concurred in by Mr. Justice Crane for by his recent order he granted the severance and continued the action against defendant Leo-Mac. It should be stated, too, that on argument before me it was not disputed that such order granting severance, though it did not specifically make provision therefor, was without prejudice to any motion defendant Leo-Mac might make to dismiss the action against it for failure to diligently prosecute.
In the light of these background facts, the question arises whether as to the moving defendant plaintiffs failed to diligently prosecute. While this defendant’s failure to move earlier to dismiss plaintiffs’ cause against it is understandable in the light of its misconception of the 1959 order of dismissal, a similar misconception by the plaintiffs does not aid them on this motion. The error made by plaintiffs is all the more reason why they should have filed a note of issue, as directed, for the January 1960 Term or to have moved more expeditiously thereafter to vacate their default. Had they not misconstrued the effect of that order of dismissal and understood it to have disposed of their action against defendant Kiraga only, there still would *173 have been reason for expedition. But, believing that both actions had been dismissed, their continued laches and failure to seek relief until August of 1961 is altogether inexcusable.
Plaintiffs have thus wholly failed to explain why they waited some three and a half years after joinder of issue and 19 months after the dismissal of the action to excuse their default. Additionally, they do not submit an affidavit of merit by either of them. The opposing affidavit is made by an attorney who states that he was recently retained as trial counsel. This does not satisfy the indispensable requirement for an affidavit of merit upon a motion of this nature (Rules Civ. Prac., rule 156; Hyde & Sons v. Roller Derby Skate Co., 1 A D 2d 942; also Barnett Co. v. St. Paul Fire & Marine Ins. Co., 7 A D 2d 897). The fact that the trial attorney filed a note of issue some nine days prior to the present motion to dismiss likewise does not dispense with the requirement for such an affidavit. Motion granted.