397 A.2d 514.

ROSE HARRIGAN AND CHARLES HARRIGAN
*vs.* MASON & WINOGRAD, INC., *et al.*

FEBRUARY 5, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

210

WEISBERGER, J.    This is an appeal from a judgment of the Superior Court finding that an order entered May 6, 1968, had effectively dismissed the plaintiff's case against all three defendants named in the complaint. The May 6, 1968 order of dismissal was entered pursuant to a motion brought by the defendant Mason & Winograd, Inc. (Mason & Winograd), under Super. R. Civ. P. 37(b((2)(iii) to dismiss the complaint for the plaintiff's failure to comply with orders compelling discovery. A review of the somewhat complicated travel will serve to clarify the posture of the case on appeal.

On November 1, 1964, plaintiff Rose Harrigan, the wife of plaintiff Charles Harrigan, was allegedly injured when she fell into a hole in the floor of the front hallway of a house owned by defendant Ernest Davis (Davis), constructed by defendant A.C. Crees, General Contractor, Inc. (Crees) and advertised for sale by defendant Mason & Winograd. The plaintiffs thereafter instituted the present action against Davis, Crees, and Mason & Winograd. Davis and Mason & Winograd each filed answers to the complaint. Crees did not file an answer and took no further action in the case until its

attorney petitioned the Superior Court for a determination of whether the case had been dismissed in respect to Crees on October 22, 1974.

Defendants Davis and Mason & Winograd next propounded interrogatories to plaintiffs, who responded by filing answers to Mason & Winograd's interrogatories but not to those propounded by Davis. At this point Davis did not move to compel answers to his interrogatories, nor did he take any further action in the case. Mason & Winograd, however, moved pursuant to Rule 37(a) to compel more responsive answers to certain of its interrogatories and to compel production of certain photographs which had been requested but were not supplied by plaintiffs.

A justice of the Superior Court entered orders on April 16, and May 2, 1967, directing plaintiffs to furnish the photographs and more responsive answers. When plaintiffs did not comply, Mason & Winograd moved on June 5, 1967, to dismiss the action pursuant to Rule 37(b)(2)(iii) which provides that for failure to comply with an order to compel discovery, a court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." The motion was heard on September 15, 1967, before the same justice who entered an order conditionally dismissing the "above entitled cause" unless plaintiffs produced the requested material by October 15, 1967.

Again, no response was forthcoming from plaintiffs. Accordingly, an order of final dismissal was entered on May 6, 1968. A motion by plaintiffs to remove the order of dismissal was heard on May 23, 1968, and denied by order dated June 5, 1968. The plaintiffs took no appeal from this order. More than 6 years then elapsed without any action being taken by the parties.

On October 22, 1974, the attorney for Crees requested the

Superior Court in a motion for leave to appear as *amicus curiae* to determine whether the case was still pending against Crees, which by that time had been dissolved as a legal entity. Apparently the attorney had been informed by plaintiffs that they still intended to proceed against Crees for failure to file an answer to the complaint brought in November 1966.

The motion was granted, and after being assigned first to the motion calendar and next to the special cause calendar, it was heard before another Superior Court justice 2 years later on December 16, 1976.

In the meantime, on November 11, 1974, a Superior Court clerk entered a notice of default against Crees upon the request of plaintiffs pursuant to Rule 55(a). The case was set down on the special cause calendar for hearing on proof of claim for November 25, 1974, prior to the entry of final judgment, but the record does not indicate that such a hearing was ever held.

The Superior Court justice construing the order of May 6, 1968, found that it dismissed the case against all three defendants. He stated at the hearing that the motion to dismiss, the conditional order, and the final order of dismissal refer to dismissal of the whole case. An order dismissing the entire complaint was entered on December 23, 1976. The plaintiffs are now before us on appeal pursuant to G.L. 1956 (1969 Reenactment) §9-24-1, as amended by P.L. 1975, ch. 244, §1, from that order of the Superior Court.

The sole issue presented is whether the Superior Court justice erred in construing the May 6, 1968 order of dismissal as a dismissal of the action against all three defendants rather than against the single defendant who brought the motion to dismiss. We are of the opinion that the more reasonable construction is that the action is dismissed only as to defendant Mason & Winograd.

The primary determination of a court in construing an order is the intent of its maker, *Attorney General* v.

*Pomeroy,* 93 Utah 426, 73 P.2d 1277 (1937), because the same rules of construction apply to ascertaining the meaning of an order as apply to any other writing. *Bailey* v. *Superior Court,* 142 Cal. App. 2d 47, 297 P.2d 795 (1956). In making a determination of intent, a court may construe an order within the context of the motion which accompanies it, *Ferracuti* v. *Ferracuti,* 27 Ill. App. 3d 495, 326 N.E. 2d 556 (1975), and it may adopt the interpretation which renders the order more reasonable, effective and conclusive in the light of the facts and law of the case. *Hendrie* v. *Lowmaster,* 152 F.2d 83 (6th Cir. 1945).

A consideration of the motion and order together is consistent with the general rule which permits a court to consider extrinsic evidence where relevant to prove a meaning to which the language of the instrument is reasonably susceptible, whether or not it appears to the court to be plain and unambiguous on its face. *Pacific Gas & Electric Co.* v. *G.W. Thomas Drayage & Rigging Co.,* 69 Cal. 2d 33, 442 P.2d 641, 69 Cal. Rptr. 561 (1968).

The Superior Court justice, placed in the position of having to interpret a document drawn 6 years before, no doubt reasonably presumed that the justice entering the order intended the order to be as it was drawn. *See Hall* v. *Hall,* 124 Vt. 410, 206 A.2d 786 (1964). Certainly, if construed literally, the order dismissed the action without qualifying the dismissal in any way.

Generally, however, an order will not be construed as going beyond the motion in pursuance of which the order is made, *Prouty* v. *Clayton County,* 264 N.W. 2d 761 (Iowa 1978); *State* v. *Weger,* 211 N.W. 2d 322 (Iowa 1973); 60 C.J.S *Motions and Orders* §64 at 110; 56 Am. Jur. 2d *Motions, Rules, and Orders* §29 at 25, for a court is presumed not to intend to grant relief which was not demanded. *Attorney General* v. *Pomeroy, supra.*

Particularly, when a motion made by one or more defendants is not joined in by the other defendants and the

complaint is dismissed without specifying that it is dismissed only as to the moving defendants, it will ordinarily be construed as a dismissal only as to those moving defendants. *Attorney General* v. *Pomeroy, supra; Caruthers* v. *Davis,* 153 Ark. 200, 239 S.W. 763 (1922); *Paulson* v. *New Jersey & New York Railroad,* 54 A.D. 189, 66 N.Y.S. 364 (1900).

In the instant case, Mason & Winograd was the only defendant which moved to dismiss the action. The order of dismissal, if construed to dismiss the action against all three defendants, not only orders relief which is not necessary to protect the interests of the moving party, but also orders relief on behalf of defendants who would not have been entitled to request it for themselves at the time the order was entered. On May 6, 1968, Crees was in default for failure to answer the complaint, and Davis had not yet moved to compel answers to his interrogatories pursuant to Rule 37(a), a prerequisite to a request for an order of dismissal under Rule 37(b)(2)(iii).

We note that those state courts which have considered the question have held that a dismissal of a plaintiff's claim against defendants with respect to whom plaintiff is not in breach of obligation or as to defendants who have not sought such relief is improper and unauthorized. *Wurnitsch* v. *Nordvik,* 14 Cal. Ap. 3d 679, 92 Ca. Rptr. 518 (1971); *McIntire & Quiros of Colorado, Inc.* v. *Westinghouse Credit Corp.,* 40 Colo. App. 398, 576 P.2d 1026 (1978); *Trustees of Carpenters* v. *Angel-Haus Condominium, Ltd.,* 36 Colo. App. 133, 535 P.2d 259 (1975); *Rock* v. *Antoine's Inc.,* 57 Del. 164, 197 A.2d 737 (1964); *Fischer* v. *Mead Johnson Laboratories,* 41 A.D. 2d 737, 341 N.Y.S. 2d 257 (1973); *Wernick* v. *Leo-Mac Builders, Inc.,* 31 Misc. 2d 171, 220 N.Y.S. 2d 393 (1961); *Tiger* v. *Spoonmore,* 160 Okla. 188, 16 P.2d 576 (1932); 27 C.J.S. *Dismissal and Nonsuit* §52 at 398.[1] We find the foregoing authorities persuasive.

---

[1]Not only is such a gratuitous dismissal of doubtful propriety, but we believe it raises serious questions of due process under the fourteenth amendment to the Constitution of the United States. *See* 8 Wright & Miller, *Federal Practice and*

In the light of precedent, as well as the context in which this order was entered, we believe that the more reasonable construction would be that the May 6, 1968 order dismissed the action only as to Mason & Winograd. Such a dismissal under the circumstances of this case does not affect the plaintiffs' right to proceed against the other defendants. *Edgar County Bank & Trust Co.* v. *Paris Hospital, Inc.*, 57 Ill. 2d 298, 312 N.E. 2d 259 (1974). Therefore, the action is still pending against Crees and Davis.

*Procedure:* Civil §2283 (1970). In the trilogy of *Hovey* v. *Elliott,* 167 U.S. 409, 17 S. Ct. 841, 42 L. Ed. 215 (1897), *Hammond Packing Co.* v. *Arkansas,* 212 U.S. 322, 29 S. Ct. 370, 53 L. Ed. 530 (1909), and *Societe Internationale Pour Participations Industrielles et Commerciales* v. *Rogers,* 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958), the Supreme Court developed the concept that there are constitutional limits upon the power of courts to impose sanctions for failure to comply with judicial orders. Where that power is used merely to punish an offending party for contempt rather than to compel obedience to an order advancing the ascertainment of truth, due process is denied.

In *Hovey* v. *Elliott, supra,* the Supreme Court of the District of Columbia struck out a defendant's answer for failure to pay into the registry of court a sum of money which had been considered illegally withdrawn and the right to which was at issue in the suit. This action was taken in pursuance of the finding that the refusal to pay in the money constituted contempt of court. The striking out of the answer was punishment therefor. This was held, in a lengthy opinion by Mr. Justice White, to be a denial of due process.

In *Hammond Packing Co.* v. *Arkansas, supra,* the Court distinguished *Hovey* v. *Elliott, supra,* in circumstances where a defendant's answer was stricken and a default judgment entered because of defendant's failure to produce witnesses and certain books and records which had been ordered produced by the trial court pursuant to an Arkansas statute. The Court observed as follows:

"The difference between mere punishment, as illustrated in *Hovey* v. *Elliott,* and the power exerted in this, is as follows: In the former due process of law was denied by the refusal to hear. In this the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense. The want of power in the one case and its existence in the other are essential to due process, to preserve in the one and to apply and enforce in the other. In its ultimate conception therefore the power exerted below was like the authority to default or to take a bill for confessed because of a failure to answer, based upon a presumption that the material facts alleged or pleaded were admitted by not answering, and might well also be illustrated by reference to many other presumptions attached by the law to the failure of a party to a cause to specially set up or assert his supposed rights in the mode prescribed by law." 212 U.S. at 351, 29 S. Ct. at 380, 53 L. Ed. at 545.

The plaintiffs' appeal is sustained, the judgment of the Superior Court insofar as it dismisses the action as to Crees and Davis is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Raul L. Lovett,* for plaintiffs.

*Gunning & LaFazia & Gnys, Inc., Edward L. Gnys, Jr.,* for defendants.