Appeal No. 78-52. EASTERN SCIENTIFIC CO. *v.* PLEASANT VIEW NURSING HOME, INC. *v.* CARROM FURNITURE DIVISION OF AFFILIATED HOSPITAL PRODUCTS, INC. This is an action for monies due and payable on book account. The defendant counterclaimed by alleging breach of an agreement concerning delivery of certain hospital supplies and furnishings. The plaintiff impleaded its supplier as a third party defendant. The defendant moved to amend its counterclaim to add the supplier as a party to the counterclaim. This motion was granted but the amended counterclaim was not filed for a period of thirteen months due to unexplained delay on the part of the defendant.

After said filing, the third party defendant moved to strike the amended counterclaim on the ground that this unreasonable delay had interfered with its ability to defend. The motion was granted.

When the matter came on for trial, a justice of the Superior Court denied a motion to reargue the striking of the amended counterclaim, and granted plaintiff's motion to narrow the issues, holding that only the complaint was properly before the court, and that no counterclaim could be considered. Faced with the elimination of its counterclaim, the defendant stipulated to judgment on the complaint but reserved its right of appeal if any.

On this record we issued an order to the plaintiff to show cause why the defendant's appeal should not be sustained and the matter remanded for trial on the counterclaim and third party complaint. We heard argument pursuant to this show cause order on December 5, 1979. We are of the opinion that the plaintiff has failed to show cause why this matter should not be remanded for hearing on the defendant's original counterclaim and the third party complaint. We believe that the trial justice was in error in not allowing the defendant to go forward on its original counterclaim although it

had lost the right to proceed on the amended counterclaim. We find no error in the denial of the motion to reargue. The relief granted to the third party defendant was proper under the circumstances. However, the gratuitous benefit conferred upon the plaintiff against whom a counterclaim had been timely filed was not justified. *See Harrigan* v. *Mason & Winograd*, 121 R.I. 209, 397 A.2d 514 (1979). Since the amended counterclaim was stricken as a result of its having been tardily filed, it never had the effect of superseding the original counterclaim. Therefore, when the amended counterclaim was stricken, the original counterclaim remained as a valid, existing pleading in the case. Obviously the plaintiff should have the right in such circumstances to proceed with its third party complaint against the supplier.

Therefore, the case is remanded to the Superior Court for further proceedings consistent with this order. *Roberts, Carroll, Feldstein & Tucker, David W. Carroll,* for plaintiff, *Brian J. Sarault,* for Pleasant View Nursing Home, *Robert K. Mattson,* for Affiliated Hospital Products, Inc.