DECISION
Before this Court is plaintiffs' objection to defendants' proposed orders to dismiss pursuant to the doctrine of forum non conveniens. At issue is the proper interpretation of the Rhode Island Supreme Court's directive to this Court in its opinion Kedy v. A.W. Chesterton Co., etal., 946 A.2d 1171, 1189 (R.I. 2008). Specifically, the parties dispute whether this Court may dismiss plaintiffs' complaints against the five moving defendants, conditioned upon their waiver of any statute of limitations defense in *Page 8 
Canada, without requiring the remaining non-moving defendants to agree to the same conditional dismissal.
In its May 9, 2008 decision Kedy v. A.W. Chesterton Co., et al.,946 A.2d at 1182, the Rhode Island Supreme Court formally recognized the doctrine of forum non conveniens.[1] Applying the doctrine to the above-captioned thirty-nine Canadian asbestos cases, the Supreme Court vacated this Court's decision in Kedy v. A.W. Chesterton, 2005 Westlaw 1274282 (R.I.Super. 2004), and directed this Court "to enter in each case an order dismissing the plaintiff's complaint upon the condition that the defendants stipulate to waive any statute of limitations defense in the alternative forum." Kedy, 946 A.2d at 1189. In an early footnote, the Kedy Court stated that the term "defendants," for purposes of the opinion, refers to those defendants that initially filed, or later joined, the motion to dismiss. See id. at 1176, note 4 ("We refer to these corporations and General Electric Company, collectively, as "defendants" in this opinion.").
Following the Kedy decision, General Electric Company and defendants that joined its motion to dismiss — Garlock Sealing Technologies, LLC; The Anchor Packing Company; Hobart Brothers Company; and Lincoln Electric Company — proposed dismissal orders agreeing to the stipulation required by our Supreme Court.[2] The plaintiffs object to the form of the order, arguing that the Kedy Opinion and established forum nonconveniens precedent require all defendants, not just those that moved to dismiss, to waive the statute of limitations defense in Canada. According to plaintiffs, *Page 9 
the doctrine of forum non conveniens relates to the "whole case," not to "specific defendants," and therefore, all twenty eight defendants must join a single dismissal order waiving the limitations defense in Canada; otherwise, this Court must maintain jurisdiction.
The defendants counter that plaintiffs' interpretation is inconsistent with the Kedy Court's definition of "defendants" in footnote 4 and use of that term throughout the opinion. The defendants further maintain that plaintiffs' interpretation would permit a single defendant, by not agreeing to the waiver, to keep the entire case in Rhode Island, a result the Kedy Court clearly did not intend. The defendants also point out that it is not uncommon in complex civil litigation to have the same cases with separate complaints in different forums, such as where a plaintiff is unable to obtain personal jurisdiction over a particular defendant and must sue that defendant separately from where the rest of the case is being heard.
The task of interpreting the Supreme Court's directive is similar to interpreting a court order. "The primary determination of a court in construing an order is the intent of its maker." Harrigan v. Mason Winograd, Inc. 121 R.I. 209, 212-213, 397 A.2d 514, 516 (R.I. 1979) (citing Attorney General v. Pomeroy, 93 Utah 426, 73 P.2d 1277 (1937)). Indeed, "the same rules of construction apply to ascertaining the meaning of an order as apply to any other writing." Id. (citingBailey v. Superior Court, 142 Cal.App.2d 47, 297 P.2d 795 (1956)). In determining intent, "a court may construe an order within the context of the motion which accompanies it, and it may adopt the interpretation which renders the order more reasonable, effective and conclusive in the light of the facts and law of the case. Id. (internal citations omitted). *Page 10 
A plain reading of the Kedy decision supports defendants' position. There is no question that the Kedy Court was aware that there are numerous co-defendants in these cases and that not all joined General Electric Company's motion to dismiss under the doctrine of forum nonconveniens. The Kedy Court took pains early in the decision to list all of the remaining co-defendants and then to specifically limit its use of the term "defendants" in the remainder of the opinion to only those defendants that had moved to dismiss. See Kedy 946 A.2d at 1176, notes 3 4. Therefore, in light of this unambiguous language, the most reasonable interpretation of the Kedy Court's directive is that this Court should enter an order dismissing the plaintiffs' complaints against the moving defendants upon the condition that they stipulate to waive any statute of limitations defense in the alternative forum. Since the moving defendants have agreed to waive the limitations defense in Canada, as required, this Court stands ready to enter their dismissal orders. The fact that the moving defendants have tendered two separate orders instead of one is not significant.
This Court's interpretation is also consistent with our Supreme Court precedent generally. See Harrigan, 397 A.2d at 516-17 (stating that "when a motion made by one or more defendants is not joined in by the other defendants and the complaint is dismissed without specifying that it is dismissed only as to the moving defendants, it will ordinarily be construed as a dismissal only as to those moving defendants[]"). The fact that courts in other jurisdictions have required non-moving defendants to join forum non conveniens dismissals is of little importance. The cases cited by plaintiffs frequently contain specific and detailed instructions not contained in the Kedy opinion. *Page 11 
The Court is also mindful of the result of this interpretation. Upon dismissal of plaintiffs' complaints against the moving defendants, plaintiffs will be free to refile their complaints against those defendants in Canada, leaving the remaining non-moving defendants to either join the dismissal by stipulating to the same condition, or proceed with discovery here in Rhode Island. To facilitate a decision on this matter, this Court orders that the remaining non-moving co-defendants submit for entry dismissal orders containing a waiver of any statute of limitations defense in the alternative forum within 60 days or waive their right to raise the forum non conveniens defense and thus remain in Rhode Island. Discovery in these cases has been stayed for over two years, and the interests of justice require that they be allowed to proceed to a fair resolution.
Accordingly, plaintiffs' objection to defendants' proposed orders to dismiss is denied. The remaining defendants have 60 days in which to submit appropriate conditional dismissal orders for entry or face waiver of the forum non conveniens defense.
[1] Forum non conveniens is an equitable principle that permits a court having jurisdiction to decline to exercise it due to "considerations of convenience, efficiency, and justice." Kedy946 A.2d at 1178 (quoting ATT Corp. v. Sigala, 274 Ga. 137, 549 S.E.2d 373, 375
(2001).
[2] Of these five defendants, three — General Electric, Garlock, and Anchor — are named in thirty-three of the Complaints. Hobart Brothers and Lincoln Electric are named in only six of the Complaints and have therefore tendered separate dismissal orders stipulating to the same waiver of any statute of limitations defense in Canada. *Page 1