DECISION
Before this Court is a motion for attorney's fees and costs filed by Plaintiff Donald B. MacDougall, Jr. pursuant to the Equal Access to Justice Act. On February 1, 2011, this Court rendered a decision in this matter finding that Plaintiff is legally entitled to recover reasonable litigation expenses under the provisions of this Act.See MacDougall v. Town of Charlestown Zoning Bd. ofReview, 2011 WL 486037 (R.I. Super. Ct. filed Feb. 1, 2011) (Savage, J.). As the parties have been unable to agree as to the amount of reasonable litigation expenses to be awarded to Plaintiff — essentially because of a dispute as to the chapters of this litigation saga for which fees may be awarded and the hourly rate allowable under the Act — this Court will proceed to address those issues so that they may calculate the amount of attorney's fees and expenses to which Plaintiff is entitled and enter final judgment accordingly.
 I FACTS AND TRAVEL
The facts and travel of this case have been well-documented in several prior written decisions of this Court. SeeMacDougall v. Town of Charlestown Zoning Bd. of Review,2011 WL 486037 (R.I. Super. Ct. filed Feb. 1, 2011) (Savage, J.);MacDougall v. Town of Charlestown Zoning Bd. of Review, *Page 2 2008 WL 1699279 (R.I. Super. Ct. filed Feb. 28, 2008) (Thompson, J.). Accordingly, this Court will incorporate those prior decisions by reference and not repeat the facts and travel of this matter.[1]
 II LAW AND ANALYSIS
The Rhode Island Legislature enacted the Equal Access to Justice Act "to mitigate the burden placed upon individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings."Taft v. Pare, 536 A.2d 888, 892 (R.I. 1988) (citing R.I. Gen. Laws §§ 42-92-1 et seq. (1985, as amended 1994)). In the Act's stated purpose, the Legislature declared that "individuals and small businesses should be, in all fairness, subject to state and/or municipal reimbursement of reasonable litigation expenses when the individual or small business prevails in contesting an agency action [or adjudicatory proceeding], which was without substantial justification." R.I. Gen. Laws §§ 42-92-1(b), 42-92-3. To this end, the Act provides, in pertinent part, as follows: *Page 3 
 (a) Whenever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicative officer shall award to a prevailing party reasonable litigation expenses incurred by the party in connection with that proceeding. The adjudicative officer will not award fees or expenses if he or she finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. The adjudicative officer may, at his or her discretion, deny fees or expenses if special circumstances make an award unjust. The award shall be made at the conclusion of any adjudicatory proceeding, including, but not limited to, conclusions by a decision, an informal disposition, or termination of the proceeding by the agency. The decision of the adjudicatory officer under this chapter shall be made a part of the record and shall include written findings and conclusions. No other agency official may review the award.
 (b) If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter.
Id. § 42-92-3.
The Act defines the term "[r]easonable litigation expenses" as "those expenses which were reasonably incurred by a party in adjudicatory proceedings, including, but not limited to, attorney's fees, witness fees of all necessary witnesses, and other costs and expenses as were reasonably incurred."Id. § 42-92-2(6). The Act adds the qualification, however, that "[t]he award of attorney's fees may not exceed one hundred and twenty-five dollars ($125) per hour, unless the court determines that special factors justify a higher fee."Id. § 42-92-2(6)(i). Further, the Act provides that "[n]o expert witness may be compensated a rate in excess of the highest rate of compensation for experts paid in this state."Id. § 42-92-2(6)(ii).
Before this Court, Plaintiff invokes the Equal Access to Justice Act, R.I. Gen. Laws §§ 42-92-1 et seq. (1985, as amended 1994), and requests reimbursement for all reasonable litigation expenses that he incurred to obtain relief from the Town of Charlestown Zoning Board of Review for a dimensional variance to permit him to construct a "removable wooden cover," *Page 4 
fashioned as a deck, over an existing and partially-exposed septic system. Notably, Plaintiff requests reimbursement for litigation expenses stemming from: (1) the hearings before the Zoning Board; (2) his underlying appeals to the Superior Court challenging the Board's decisions; (3) the motion for contempt that he had to file to enforce the hearing justice's order; (4) the Board's appeal to the Supreme Court; (5) the subsequent incorrect representation of the Board that its appeal was still pending before the Supreme Court; and (6) the motion for reasonable litigation expenses. Plaintiff requests reimbursement for attorney's fees at a rate of approximately $160.00 per hour.[2]
In response, the Board challenges a number of Plaintiff's specific fee requests, as well as the rate at which Plaintiff seeks reimbursement for attorney's fees. First, the Board contends that Plaintiff is not entitled to recover reasonable litigation expenses in connection with the 2004 appeal because the appeal was not timely filed. Second, the Board argues that Plaintiff is not entitled to reimbursement for reasonable litigation expenses stemming from the Board's improperly-filed appeal to the Supreme Court. The Board characterizes the improper filing as a mistake and maintains that it acted in good faith to rectify that mistake. Further, the Board seems to suggest that this Court is precluded from awarding reasonable litigation expenses in connection with that appeal because the Supreme Court denied Plaintiff's general claim for attorney's fees and costs when it granted Plaintiff's motion to dismiss. Finally, the Board contends that there are no special factors in this case to justify an award of attorney's fees at an hourly rate in excess of the $125.00 per hour statutory threshold. *Page 5 
 A 2004 Agency Appeal
As an initial matter, the parties dispute whether Plaintiff is entitled to recover reasonable litigation expenses in connection with the administrative appeal that Plaintiff filed with this Court in 2004. See MacDougall v. Town of Charleston Zoning Boardof Review, WC 04-0564 (R.I. Super. Ct. filed Sept. 8, 2004). The Board contends that these expenses are non-recoverable because the hearing justice's February 28, 2008 Decision stated that Plaintiff's appeal in 2004 was not timely filed. According to the Board, the portion of the hearing justice's April 2, 2008 Order — providing that "[t]he 2004 appeal was timely filed but shall be dismissed pursuant to the agreement of the parties" — is void, as the Decision supersedes any conflicting provisions contained in the Order. Further, the Board suggests that even if the Order is controlling, Plaintiff may not recover expenses derived from his 2004 appeal because it was dismissed by agreement of the parties. The Board, however, has failed to develop this argument.
Conversely, Plaintiff maintains that he is entitled to recoup all reasonable litigation expenses stemming from his 2004 appeal. Plaintiff contends that the April 2, 2008 Order — stating that he timely filed the appeal — is controlling. According to Plaintiff, the hearing justice duly executed the Order after the parties collectively agreed and represented to the Court that he timely filed the appeal pursuant to Rule 6 of the Rhode Island Superior Court Rules of Civil Procedure. Although Plaintiff acknowledges that he dismissed his 2004 appeal with the agreement of the Defendant, he argues that he is entitled to recover the expenses stemming therefrom because the Board unduly coerced him into dismissing the then-pending appeal. As support for this assertion, Plaintiff directs this Court to a June 19, 2007 Charlestown Zoning Board hearing transcript wherein the Board represented that Plaintiff would be required to *Page 6 
dismiss his 2004 appeal if he wanted to be heard on a subsequent application for dimensional relief. Plaintiff maintains that the Board acted improperly by requiring dismissal of his 2004 appeal as a necessary prerequisite to his being heard on a subsequent dimensional relief application. Plaintiff thus claims that he is entitled to recoup the reasonable litigation expenses connected with his 2004 appeal.
 1 The Order
It is well settled that "[t]he primary determination of a court in construing an order is the intent of its maker, [. . .] because the same rules of construction apply to ascertaining the meaning of an order as apply to any other writing." Harrigan v.Mason Winograd, Inc.,121 R.I. 209, 213-14, 397 A.2d 514, 516 (R.I. 1979) (internal citations omitted). Our Supreme Court has opined that "[i]n making a determination of intent, a court [. . .] may adopt the interpretation which renders the order more reasonable, effective and conclusive in the light of the facts and law of the case." Id. (internal citations omitted).
In light of these legal precepts, this Court finds that the pertinent provision in the duly-executed April 2, 2008 Order — stating that "[t]he 2004 appeal was timely filed but shall be dismissed pursuant to the agreement of the parties" — clearly and unambiguously manifests the hearing justice's intent to correct a statement in her February 28, 2008 Decision — namely, the erroneous finding that the appeal was "untimely as it was filed on the twenty-third day following the date on which the Board's decision had been filed." Compare MacDougall v. Town of Charlestown Zoning Bd. ofReview, 2008 WL 1699279 at * 3 n. 1 (R.I. Super. Ct. 2008) (February 28, 2008 Decision) (Thompson, J.) with MacDougall v.Town of Charlestown Zoning Bd. of Review, C.A. Nos. WC 07-0474 (R.I. Super. Ct. 2007) and WC 04-0564 (R.I. Super. Ct. 2004) *Page 7 
(Order entered April 2, 2008, ¶ 4) (Thompson, J.). Quite clearly, the hearing justice deemed it appropriate to correct this aspect of her Decision by way of the Order — rather than by amendment of the Decision — because both parties agreed to the correction and it had absolutely no practical effect on her conclusion that Plaintiff was entitled to the dimensional variance. See generallyMacDougall, 2008 WL 1699279 (Thompson, J.). While mindful of the general rule that when a discrepancy exists between a decision and an order, the decision controls (see Lomanto v.Schneider, 911 N.Y.S.2d 531, 533 (N.Y. App. Div. 2010)), this Court nevertheless finds this rule inapplicable here as it would fundamentally frustrate the clear and unambiguous intent of the hearing justice and the parties. As the parties agreed and the hearing justice found that Plaintiff filed his 2004 appeal in a timely manner, this Court declines the Board's invitation to deviate from this finding.
 2 The Dismissal
In light of the hearing justice's conclusion that Plaintiff timely filed his 2004 appeal, the remaining question is whether Plaintiff may recover reasonable litigation expenses in connection with that appeal notwithstanding the fact that he dismissed his appeal with the agreement of the Board. Plaintiff maintains that he is entitled to these expenses because the Board unduly coerced him into dismissing the then-pending appeal by unlawfully requiring dismissal as a condition precedent to hearing his subsequent application for dimensional relief. This Court agrees.
The Court observes that the Charlestown Zoning Board record from June 19, 2007 contains the following dialogue with respect to the dismissal of Plaintiff's 2004 appeal:
 [CHAIRMAN]: Oh, yeah. I have a question first. Have you ever submitted the paperwork for withdrawal of the first case in the court?
 [ATTORNEY FOR PLAINTIFF]: No. *Page 8 
 [CHAIRMAN]: That was the agreement on this petition.
 [ATTORNEY FOR PLAINTIFF]: Well, the agreement was depending on how you ruled on the substantial change —
 [CHAIRMAN]: No. No. That is not the case, ma'am. The agreement was that if we hear the case, that we would continue — that it would be withdrawn.
 [ATTORNEY FOR PLAINTIFF]: I don't believe a vote was taken on whether there was a substantial change. I thought that vote was taken at the —
 [CHAIRMAN]: No, no, no. We discussed with [the Town Solicitor]. [The Town Solicitor] said that we should hear the case because it's more than a year, and if it's more than a year, it doesn't matter what you came back with, and, therefore, your words were that if we agreed to hear this application and not address the — whether it was substantially or not, then you would withdraw, and you said you would. Would you like me to find it in your subscript (sic), ma'am?
 [ATTORNEY FOR PLAINTIFF]: Sir, may I ask you why you're taking such a hostile attitude with me?
 [CHAIRMAN]: I'm not —
 [ATTORNEY FOR PLAINTIFF]: You called me irritating last week.
 [CHAIRMAN]: You know why, because you're saying you made an agreement last time that you said you would submit the paperwork and you did not. Do you understand why I'm upset?
 [ATTORNEY FOR PLAINTIFF]: No. I'm afraid I don't, sir. Here's the point. I don't believe it was definitively clear from the transcript that you had decided to fully go forward on that basis. Okay? And you've had that for a week. If you can point it out for me, let me know. I have a dismissal stipulation here, right here, that can be signed, but I need to know what's clear. I'll sign it as a matter of fact; the question of whether or not I file it is a different matter.
See Charlestown Zoning Bd. Hr'g Tr., June 19, 2007, at 5-7 (emphasis added). It is readily apparent from this dialogue that the Board fully understood that Plaintiff had a right to be heard on the subsequent application for dimensional relief, notwithstanding his pending 2004 appeal. Yet, the Board insisted that Plaintiff enter into the dismissal stipulation before being heard. This Court finds that the Board was not substantially justified in this course of conduct. SeeTaft, 536 A.2d at 892 (explaining that under the Equal Access to Justice Act, "expenses will not be *Page 9 
awarded to the prevailing party if, inter alia, [. . .] the agency was substantially justified in actions leading to the proceedings and in the proceeding itself").
Moreover, the Court finds that had Plaintiff not been compelled to dismiss his 2004 appeal, he would have prevailed in that action. Indeed, the hearing justice's decision makes clear that Plaintiff's request for dimensional relief was wholly in accord with the applicable law, and by denying it, "the Board's decision was not supported by substantial evidence, was in excess of statutory authority, [. . .] constituted an abuse of discretion[,] [. . .] [and] was clearly erroneous in light of the reliable, probative and substantial evidence contained in the entire record showing that the proposed structure satisfied all of the Ordinance requirements for the granting of dimensional relief." SeeMacDougall, 2008 WL 1699279 (Thompson, J.). Accordingly, as Plaintiff would have prevailed on his 2004 appeal, seeMacDougall v. Charleston Zoning Board of Review, WC 04-0564 (R.I. Super. Ct. filed Sept. 8, 2004), had he not been compelled by the Board to dismiss that appeal, this Court finds that Plaintiff is entitled to all reasonable litigation expenses stemming from that appeal.
 B The Supreme Court Appeal
Next, the parties dispute whether Plaintiff is entitled to reimbursement for reasonable litigation expenses stemming from the Board's improperly-filed appeal to the Supreme Court. The Board characterizes its improper appeal filing as a mistake and contends that Plaintiff may not recover fees connected with its appeal because the Board purportedly acted in good faith to resolve the matter. Further, the Board seems to suggest that this Court is precluded from awarding reasonable litigation expenses in connection with its appeal because the Supreme Court declined to award Plaintiff attorney's fees and costs when it granted his motion to dismiss the *Page 10 
appeal. According to the Board, "[t]he Supreme Court has inherent authority to grant fees in appropriate circumstances . . . [and] [t]he facts provided [in this case] do not meet the appropriate circumstances for the Plaintiff to receive those fees and costs." (Second Supp. Mem. of the Town of Charlestown Zoning Bd., March 11, 2011, at 4.)
Conversely, Plaintiff maintains that he is entitled to recover all reasonable litigation expenses that he incurred in defending against the Board's appeal to the Supreme Court. Although Plaintiff adamantly denies the Board's claim that it acted in good faith to resolve the improperly-filed appeal, he contends that the issue of the Board's good faith is irrelevant at this stage of the proceedings. Additionally, Plaintiff disputes the Board's contention that the Supreme Court's denial of fees and costs bars him from recovering from this Court his reasonable litigation expenses in connection with the Board's appeal. Plaintiff maintains that he sought an award of fees from the Supreme Court pursuant to its inherent authority to grant fees, rather than as a prevailing party under the Equal Access to Justice Act. As he did not ask the Supreme Court for an award of reasonable litigation expenses under the Act, nor did the Supreme Court consider that issue, he contends that he is not precluded from obtaining those fees and expenses under the Act from this Court.
 1 Good Faith
As an initial matter, this Court flatly rejects the Board's claim that it acted in good faith in filing and attempting to resolve its improperly-filed Supreme Court appeal. Not only did the Board wholly disregard a very basic and well-settled rule regarding the proper procedure for seeking appellate review of a decision of the Superior Court in a zoning case, it failed to respond to correspondence wherein Plaintiff informed the Board of its clear error and sought a collective *Page 11 
resolution to the improper filing without incurring further unnecessary expense. See Northern Trust Co. v. Zoning Bd.of Review of Town of Westerly, 899 A.2d 517, 519 (R.I. 2006) (quoting AV Realty, LLC v. Smithfield Zoning Bd. of Review,762 A.2d 803, 803 (R.I. 2000)) ("We have made it abundantly clear that `[t]he proper procedure to review a judgment of the Superior Court on appeal from a decision of a zoning board is by writ of certiorari.'"). Instead, it was only after Plaintiff was forced to expend costs and fees to file a motion to dismiss the appeal that the Board finally submitted a Notice of Dismissal Stipulation. The Court observes that the Board's improper filing was plagued by numerous procedural and substantive maladies, and thus, Plaintiff was again forced to expend costs and fees to have it stricken. In light of the foregoing torturous procedural history, this Court summarily dismisses the Board's claim that it acted in good faith with respect to the Supreme Court proceedings.
 2 Entitlement to Reasonable Litigation Expenses
The remaining issue is whether Plaintiff is entitled to recover reasonable litigation expenses stemming from the Board's patently frivolous appeal to the Supreme Court. At the outset, this Court dismisses the Board's contention that Plaintiff is precluded from obtaining reasonable litigation expenses in connection with this appeal because the Supreme Court denied Plaintiff's claim for attorney's fees and costs when it granted Plaintiff's motion to dismiss. Indeed, as Plaintiff correctly notes, he made his request for fees to the Supreme Court pursuant to the Court's inherent authority to grant fees, rather than under the Equal Access to Justice Act. As the Supreme Court was not called upon to consider Plaintiff's entitlement to reasonable litigation expenses under the Equal Access to Justice Act, Plaintiff is not precluded from petitioning for reimbursement of those expenses from this Court.See State v. Laurence, 18 A.3d 512, 522 (R.I. 2011) *Page 12 
(noting that the application of the doctrine of res judicata
is appropriate only in instances where there exists, interalia, "identity of the claims for relief").
Pursuant to the Equal Access to Justice Act, this Court is empowered to award reasonable litigation expenses upon review of the underlying decision of the adversary adjudication. See
R.I. Gen. Laws § 42-92-3(b) ("If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter."). In the case sub judice, the Board's procedurally improper appeal to the Supreme Court is unquestionably a component of the adversary adjudication, as it prolonged the litigation over Plaintiff's entitlement to dimensional relief. In so doing, the Board disregarded the well-settled rule regarding the proper procedure to file an appeal to our Supreme Court and failed to timely rectify the impropriety despite Plaintiff's multiple requests. As a direct result of the Board's frivolity, Plaintiff incurred undue costs and expenses. To say that the Board was not substantially justified in this course of conduct would be an understatement. Accordingly, this Court finds that Plaintiff is entitled to all reasonable litigation expenses that he incurred in defending against the Board's appeal to the Supreme Court.
 C The Rate of Attorney's Fees
Lastly, the parties dispute whether Plaintiff is entitled to reimbursement of attorney's fees calculated at an hourly rate in excess of the usual $125.00 per hour statutory rate. See
R.I. Gen. Laws § 42-92-2(6)(i). Specifically, the parties disagree as to whether Plaintiff can prove the requisite "special factors" under the Act to justify his claim for attorney's fees at a higher rate of approximately $160.00 per hour. *Page 13 
Plaintiff contends that while a request for dimensional relief is seemingly simple on its face, this zoning matter became complex both procedurally and substantively as a result of the actions of the Board and the Town Solicitor. Plaintiff maintains that he was only able to prevail in this matter because of counsel's unique knowledge and extensive experience in land use and zoning matters. According to Plaintiff, "the continued actions of the Zoning Board and Solicitor[,] along with the qualifications of legal counsel[,] create a situation where it would be appropriate and equitable to award an hourly rate higher than the statutory rate." (Reply Mem. of Donald B. MacDougall Jr., April 8, 2011, at 6.)
In response, the Board contends that there are no special factors in this case to justify Plaintiff's claim for attorney's fees based on an hourly rate in excess of the usual statutory rate of $125.00 per hour. The Board argues that while Plaintiff's counsel is a "competent and effective attorney," the issues identified by Plaintiff — namely, the complexity of the underlying case and the expertise of counsel — do not constitute special factors that warrant a deviation from the usual hourly rate set by statute. (Second Supp. Mem. of the Town of Charlestown Zoning Bd., March 11, 2011, at 5.)
At the outset, this Court observes that the "special factors" that can justify an award of attorney's fees based on an hourly rate in excess of the usual rate of $125.00 per hour under the Equal Access to Justice Act presents an issue of first impression in Rhode Island. Indeed, the Act does not define the term "special factors" nor have our courts yet been called upon to interpret this provision. Nonetheless, our Supreme Court has instructed that "Rhode Island's Equal Access to Justice Act is modeled on the Federal Equal Access to Justice Act," and thus, a reviewing court "should follow the construction put on it by the federal courts, unless there is strong reason to do otherwise." Krikorian v. R.I. Dept. of HumanServices, 606 A.2d 671, 674 (R.I. 1992) *Page 14 
(internal quotations omitted). Given that the Federal Equal Access to Justice Act, 28 U.S.C.A. § 2412, provides, similar to the Rhode Island Act, that attorney's fees may be awarded based on an hourly rate in excess of the statutory rate if "special factors" are present, reference to the decisions of federal courts that have construed this provision is instructive.
The Federal Equal Access to Justice Act provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A § 2412(d)(2)(A). In interpreting this provision, the United States Supreme Court has opined "`that the special factors' envisioned by the exception must be such as are not of broad and general application." Pierce v. Underwood,487 U.S. 552, 573, 108 S.Ct. 2541, 2554 (1988); see alsoGisbrecht v. Barnhart535 U.S. 789, 796 122 S.Ct. 1817, 1822 (2002) (noting that under the Federal Equal Access to Justice Act, a $125.00 per hour rate cap applies "in the mine run of cases"). According to the Supreme Court, considerations such as "[t]he novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, and the results obtained" do not constitute special factors justifying an upward deviation from the statutory cap on attorney's fees as these are "applicable to a broad spectrum of litigation . . . [and] are little more than routine reasons why market rates are what they are." Pierce, 487 U.S. at 573, 108 S.Ct. at 2554.
Although the Supreme Court acknowledged that counsel's knowledge and expertise may qualify as a special factor, the Court opined that counsel must be qualified "in some specialized sense, rather than just in their general legal competence."Id. at 572, 2554. According to the Court, "attorneys [must] hav[e] some distinctive knowledge or specialized skill needful for the litigation in question — as opposed to an extraordinary level of the general lawyerly knowledge *Page 15 
and ability useful in all litigation." Id The Court explained that the specialized knowledge or skill of an attorney only justifies an enhanced award when the knowledge or skill is "an identifiable practice specialty[,] such as patent law, or knowledge of a foreign law or language." Id
In the wake of the Supreme Court's seminal decision inPierce, a number of federal courts have concluded that expertise justifying an enhancement in attorney's fees must come from "specialized training" and not merely experience in a specific field of practice. See In re Sealed Case00-5116, 254 F.3d 233, 235 (D.C. Cir. 2001) (citing Estate ofCervin v. Commissioner, 200 F.3d 351, 354 (5th Cir. 2000);Raines v. Shalala, 44 F.3d 1355 (7th Cir. 1995);Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994);Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990)). The reason underlying this rule, according to the D.C. Court of Appeals, is that "`[i]f expertise acquired through practice justified higher reimbursement rates, then all lawyers practicing administrative law in technical fields would be entitled to fee enhancements.'" In re Sealed Case, 254 F.3d at 236 (quotingF.J. Vollmer Co. v. Magaw,102 F.3d 591, 598 (D.C. Cir. 1996)).
Mindful of the provision in the Federal Equal Access to Justice Act providing for an enhancement of attorney's fees in excess of the usual statutory rate only if "special factors" are present, and the federal case law interpreting that provision, this Court can discern no reason to interpret the analogous "special factors" provision of the Rhode Island Equal Access to Justice Act any differently than its federal counterpart. See Krikorian, 606 A.2d at 674. Indeed, these provisions each embody the legislative determination that $125.00 per hour constitutes a fair and sufficient rate to compensate litigants for attorney's fees in instances where administrative *Page 16 
agencies act without substantial justification — and only in the rare case where special factors are present should this ceiling be pierced.
Viewing the case at bar through this lens, this Court concludes that there are no special factors here to substantiate Plaintiff's request for an enhanced attorney's fee award based on an hourly rate of $160.00 per hour. Although Plaintiff ultimately prevailed on his request for dimensional relief — notwithstanding the Board's pattern of arbitrary and capricious behavior — as a direct result of his counsel's superior and unwavering advocacy in a difficult and most undesirable case to litigate, this Court is compelled to observe that "[t]he novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, and the results obtained," do not constitute special factors under the Equal Access to Justice Act that warrant an upward deviation from the statutory rate of $125.00 per hour for attorney's fees applicable in the usual case. Pierce, 487 U.S. at 573, 108 S.Ct. at 2554. Indeed, the unnecessary hoops through which the Board made Plaintiff jump are accounted for largely by the hours expended by counsel rather than the rate charged for those hours. In addition, while Plaintiff's counsel unquestionably possesses great skill and knowledge in the area of land use and zoning matters, this Court finds that this expertise — when applied in the context of a request for dimensional zoning relief — does not embody the type of distinctive knowledge or specialized training that would justify a fee enhancement under the Act. See Pierce, 487 U.S. at 572, 108 S.Ct. at 2554;In re Sealed Case, 254 F.3d at 235-36. Accordingly, as there are no "special factors" present to justify Plaintiff's request for an enhanced fee award of $160.00 per hour, as that term has been defined in persuasive federal case law, this Court finds that Plaintiff is entitled to an award of attorney's fees calculated based on the usual statutory rate of $125.00 per hour. See
R.I. Gen. Laws § 42-92-2(6)(i). *Page 17 
 III CONCLUSION
For the reasons set forth in this Decision, this Court finds that Plaintiff is entitled to all reasonable litigation expenses that he incurred in connection with this matter pursuant to the Rhode Island Equal Access to Justice Act, R.I. Gen. Laws §§ 42-92-1 et seq. (1985, as amended 1994), including attorney's fees and expenses related to his 2004 administrative appeal and the Board's Supreme Court appeal. Plaintiff is entitled to reimbursement for his claimed attorney's fees at the usual statutory rate of $125.00 per hour. The parties have represented to this Court that they can agree upon the amount of attorney's fees and expenses due Plaintiff, as reflected in his counsel's submissions, based on the guidance provided to them in this Decision. Should the parties be unable to calculate this fee award by agreement for purposes of entering a Final Judgment in this case, either party may apply to this Court for further relief. Counsel shall confer and submit to this Court forthwith for entry an agreed upon form of Order and Final Judgment that is consistent with this Decision.
[1] There is one factual issue that warrants a brief discussion for purposes of this Decision. In its earlier decision addressing Plaintiff's legal entitlement to reasonable litigation expenses under the provisions of the Equal Access to Justice Act, this Court noted that the hearing justice who presided over Plaintiff's consolidated appeals from decisions of the Town of Charlestown Zoning Board of Review determined that Plaintiff's appeal of the Board's 2004 decision was untimely filed. SeeMacDougall v. Town of Charlestown Zoning Bd. of Review,2011 WL 486037, at *2 (R.I. Super. Ct. filed Feb. 1, 2011) (Savage, J.) ("February 1, 2011 Decision"). It is true that the hearing justice's decision indicated that this appeal was not filed timely. See MacDougall v. Town of Charlestown Zoning Bd. ofReview, 2008 WL 1699279, at * 3 n. 1 (R.I. Super. Ct. filed Feb. 28, 2008) (Thompson, J.) ("Here, the appeal docketed as C.A. No. WC 2004-0564 is clearly untimely as it was filed on the twenty-third day following the date on which the Board's decision had been filed.") ("February 28, 2008 Decision") Following the February 28, 2008 Decision, however, the hearing justice, by agreement of the parties, entered an order that corrected and amended that aspect of her Decision to provide that the appeal was filed timely but dismissed by agreement of the parties.See id. (Order entered April 2, 2008, ¶ 4) (Thompson, J.) ("The 2004 appeal was timely filed but shall be dismissed pursuant to the agreement of the parties.") ("April 2, 2008 Order").
[2] Plaintiff's counsel has represented to this Court that although her usual billing rate is $350.00 per hour, she made an agreement with Plaintiff to reduce her fees by 50% as a professional courtesy. (Noonan Aff. ¶ 7, Mar. 1, 2011.) Thus, while counsel's adjusted billing rate for this matter is $175.00 per hour, the effective hourly rate applicable to this litigation — offset by the lower billing rates of associates, attorneys and paralegals who worked on the case — is approximately $160.00 per hour. (Id.) *Page 1