**Jose OJEDA, Appellant,**

v.

**Eustacio OJEDA, Appellee.**

**No. 11782.**

Court of Civil Appeals of Texas, Austin.

Dec. 9, 1970.

Rehearing Denied Dec. 30, 1970.

M. N. Garcia, Austin, for appellant.

*Cofer & Cofer,* John D. Cofer, Austin, for appellee.

PHILLIPS, Chief Justice.

This suit was brought by Appellee to clear the title to his homestead upon which he and his family have resided since 1954. The case was tried before the court and judgment was rendered in favor of Appellee.

It is from this judgment that Appellant has appealed to this Court.

We affirm.

In its judgment, the trial court found that Appellant and Appellee, brothers, had entered into an oral contract in 1954

whereby Appellant agreed to convey to Appellee a certain tract of land. Under the terms of the agreement Appellee took possession of the land and has paid all of the consideration except $198.00. The court further found that the Appellee has been in full, exclusive and continuous possession of the property since entering upon the land and has made valuable and lasting improvements with the knowledge and consent of the Appellant.

The two questions presented this Court as Appellant's points of error are, one, whether the statute of frauds[1] is applicable to this oral contract to convey land inasmuch as the consideration involved has not been paid in full; secondly, whether the suit is barred by the statute of limitations.[2]

We overrule both these points.

As found by the trial court, the record reflects that the parties did enter into an oral contract to convey the land for a price of $2,500.00. Appellee moved onto the place with his family in 1954. There was a house on the property at this time. He then built outhouses on the land and planted some twenty-six trees. There was conflicting testimony as to the value of these improvements however there was competent evidence to the effect that these improvements had a value of nearly as much as the original purchase price of the property. Appellee then made regular monthly payments of $56.00 per month through 1958 and has made no payments since this date.

The evidence discloses that Appellee made several attempts to make further payments to Appellant but that Appellant refused to accept them. Since there are no findings of fact, we must indulge all reasonable intendments in favor of the judgment.

■ Hooks v. Bridgewater, 111 Tex. 122, 132, 229 S.W. 1114 (1921) holds that in order for a parol sale to be valid there must be payment of the consideration, possession by the vendee and the making of valuable improvements upon the land with the consent of the vendor. All of these facts are present in this case. In Walker v. Walker, 448 S.W.2d 171 (Tex. Civ.App., Waco, 1969, writ ref'd n. r. e.) Chief Justice McDonald of the Waco Court analyzes the Texas cases on the sufficiency of part payment of consideration in cases of this type, holding that payment of consideration in full is not required in order to remove an oral sale of land from operation of the statute of frauds where the purchaser has possession of the land and has made valuable improvements thereon.

■ Appellant next contends that since Appellant refused to transfer the title to Appellee somewhere during the time from 1958 to 1962, the suit brought by Appellee in 1968 was barred by the four year statute of limitations. We do not agree. As we stated at the outset, this case was brought by Appellee as a suit to clear his title. Injury from a cloud on the title to real estate continues; consequently, the cause of action for its removal continues and is never barred while the cloud exists. Texas Co. et al. v. Davis, 113 Tex. 321, 254 S.W. 304; State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Outlaw v. Bowen, 285 S.W.2d 280 (Tex.Civ.App., Amarillo, 1955, writ ref'd n. r. e.).

■ Appellee did not bring his action for specific performance of the contract. Through his own performance he had acquired the equitable title to the property thus entitling him to bring the suit at bar. See Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146 (1941).

The judgment of the trial court is affirmed.

Affirmed.

1. Vernon's Ann.Civ.Stat. Art. 3995, par. 4. Vernon's Codes Ann., Business and Commerce, Sec. 26.01(b), par. (4).

2. Art. 5531. [5692] [3360] [3209].