David HIGGINBOTHAM, Appellant,

v.

BEMIS COMPANY, INC. and Inmont Corporation, Appellees.

No. 09–86–057 CV.

Court of Appeals of Texas, Beaumont.

Dec. 11, 1986.

Jerry S. Payne, Houston, for appellant.

John Cash Smith, Mehaffy, Weber, Keith & Gonsoulin, Orange, William B. Coffey, Jr., Strong, Pipkin, Nelson, Parker, Bissell, Roger D. Hepworth, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellees.

OPINION

BURGESS, Justice.

This is an attempted appeal arising out of a dismissal with prejudice for abuses of the discovery process.

On September 4, 1981, David Higginbotham, D.B. Rodriguez, Marvin Newman, Arthur G. Newman and their respective companies sued Bemis Company, Inc. (Bemis) and Inmont Corporation (Inmont) for alleged violations of the Texas Deceptive Practices Act. On October 17, 1985, the court allowed counsel for all the plaintiffs to withdraw from representing Higginbotham. That same day Bemis filed a motion to compel discovery based upon a request for production filed November 2, 1984. The court set October 23, 1985, as the date of the hearing on the motion to compel. On October 29, 1985, Bemis filed a motion for sanctions based upon Higginbotham's failure to appear at the motion to compel and failure to comply with the discovery requests. A hearing on the motion for sanctions was scheduled for November 7, 1985. Higginbotham did not appear at this hearing and as a result of the hearing, the following order was entered:

Came this day, the defendant, BEMIS CORPORATION, and all the other parties of record, by their attorneys of record or in person, and the Court having considered the motion of defendant Bem-

is Corporation for sanctions against the plaintiff, David Higginbotham, and having heard the arguments of counsel and reviewed the matters filed of record in this cause, finds that sanctions are proper and should be granted. It is therefore,

ORDERED, ADJUDGED AND DECREED, that the cause of action of the plaintiff, David Higginbotham be dismissed with prejudice on the ground that he has repeatedly and inexcusably failed to cooperate in the discovery process and in the prosecution of this lawsuit.

Subsequently, Higginbotham became aware of the November 7, 1985 order and on January 3, 1986 filed a motion to reinstate. On January 7, 1986, a judgment was entered which reflected a settlement between the remaining plaintiffs (individuals and companies) and the two defendants. On February 5, 1986, the trial court, after a hearing, denied Higginbotham's motion to reinstate. On February 6, 1986, Higginbotham filed a motion for new trial. A hearing was held on that motion on March 4, 1986. The motion was overruled by operation of law. Higginbotham assigns eleven points of error. We first consider our jurisdiction to entertain the appeal.

With very limited exceptions, a court of appeals has jurisdiction only over appeals from final judgments. *Hinde v. Hinde*, 701 S.W.2d 637 (Tex.1985). For a judgment to be final, it must dispose of all issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966).

In the instant case, the judgment of January 7, 1986 disposed of all plaintiffs except Higginbotham. Whether Higginbotham's entire cause of action was previously dismissed involves interpreting the November 7, 1985 order. It most certainly dismissed Higginbotham's cause of action as to Bemis, but did it dismiss Higginbotham's cause of action against Inmont? If it did, all parties and issues have been disposed of. If did not, since the court did not sever the Inmont action out,

the appeal is premature and must be dismissed.

The November 7, 1985 order specifically recites it is entered as a result of considering Bemis' motion for sanctions. Inmont had filed no written motion for sanctions, nor did they join in the motion at the hearing. Similarly, Inmont filed no request for production nor sought any motion to compel. We have serious doubts whether the trial court could have dismissed Higginbotham's claim against Inmont for failing to comply with requests of Bemis without offending due process. *See Fultz v. Cummins Sales and Service Inc.*, 587 S.W.2d 515, 519 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Harrigan v. Mason & Winograd, Inc.*, 121 R.I. 209, 397 A.2d 514, 517 (1979). We need not reach that substantive issue, because it is clear from the order that the cause of action must only refer to that of Higginbotham against Bemis. Therefore, the cause of action of Higginbotham against Inmont still remains. Consequently, there is no final judgment in the cause below. The appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.