Glen Branch, Sr., pro se.

Doyle D. Curtis, Richard F. Baker, Arthur L. Walker, for appellee.

**Glen BRANCH, Sr., Appellant,**

v.

**R.E. CULBERTSON, Appellee.**

No. 09–88–300–CV.

Court of Appeals of Texas, Beaumont.

March 2, 1989.

OPINION

BURGESS, Justice.

Appellant sued several defendants for damages arising out of alleged tortious acts committed during the execution of a search warrant. Appellee filed a motion for summary judgment which the trial court granted. We dismiss for want of jurisdiction.

The "Final Summary Judgment" does not dispose of any defendant other than appellee. There is no paragraph in the judgment ordering a severance, nor is there any severance order in the record. With very limited exceptions, a court of appeals has jurisdiction only over appeals from final judgments. *Hinde v. Hinde*, 701 S.W.2d 637 (Tex.1985). For a judgment to be final, it must dispose of all issues and parties in a case. *N.E. Indep. School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966). The cause of action against the other defendants still remains. Consequently, there is no final judgment below. *See Higginbotham v. Bemis Co.*, 722 S.W. 2d 511 (Tex.App.—Beaumont 1986, no writ).

APPEAL DISMISSED.

BROOKSHIRE, Justice, concurring.

By this concurrence, I suggest and emphasize that the parties, or their attorneys, should see to it that proper orders of severance are entered into the record. This safeguard is of paramount importance when only one of several defendants either seeks or has knowledge that he will obtain a favorable ruling on his motion for summary judgment.

It would be a relatively simple matter to have a motion for severance filed and an order of severance (which would effectively sever out that particular movant's cause of action) signed and entered. This procedure, in turn, would cause the summary judgment to become final and appealable. Thus, we could consider the appeal on its merits. This is good practice for the party who prevails on his motion for summary judgment.

I submit that the busy trial judge has little or no time to search through the entire file to see that all the issues, subject matters and parties are properly disposed of in a "final judgment."

The other opinion is correct in concluding there is no appealable judgment. Indeed, there was no judgment below that can become final because at least two other, if not three other, defendants are still before the District Court on several unresolved issues. A municipality and individual defendants are still before and subject to the jurisdiction of the District Court.