CV4-051 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-051-CV





LAURA ICHON,



 APPELLANT


vs.





MICHAEL TERRY TATUM AS PRESIDENT OF CHAMONIX OWNERS'


ASSOCIATION, INC.; CHAMONIX OWNERS' ASSOCIATION, INC.;


WATSON-BEVERLY, INC., D/B/A CERTIFIED MANAGEMENT OF


AUSTIN; AND RESA M. WATSON, INDIVIDUALLY AND AS


PRESIDENT OF WATSON-BEVERLY, INC.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-09947, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





PER CURIAM

 Appellant Laura Ichon seeks to appeal from a trial-court judgment dismissing her
cause. This cause involved multiple defendants, divided into two groups: the "Chamonix
defendants" and the "Powell defendants." The trial court rendered the judgment dismissing the
cause pursuant to a motion filed only by the Chamonix defendants. Their motion requested the
rendition of judgment on an alleged settlement agreement. (1) The judgment refers to the settlement
agreement and amounts of money to be paid that arose from the settlement agreement in which
all parties, including the Powells, participated. The judgment, however, does not appear to
dispose of the Powell defendants and no other action disposed of the Powell defendants. (2) See
Higginbotham v. Bemis Co., Inc., 722 S.W.2d 511, 512 (Tex. App.--Beaumont 1986, no writ). 
A judgment that does not dispose of all parties is interlocutory and any appeal premature. See
Tex. R. App. P. 58(b); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).

 By order of April 6, 1994, we requested a supplemental transcript to show that the
judgment was final and abated the appeal until April 18, 1994. Appellant's motion for extension
of time to file the supplemental record was granted until April 21, 1994. To date, we have not
received a supplemental transcript containing a final judgment. Accordingly, we will dismiss the
appeal for want of jurisdiction. Tex. R. App. P. 60(a)(2).

 We also dismiss appellant's "Amended Motion for Extension of Time to File
Supplemental Record, filed April 26, 1994, appellees' "Motion for Affirmance and Judgment for
Costs and Response to Appellant's Motion for Extension of Time to File Supplemental Record"
filed April 20, 1994, and appellees' "Motion for Affirmance and Judgment for Costs and
Response to Appellant's Amended Motion for Extension of Time to File Supplemental Record,"
filed April 29, 1994.

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: May 18, 1994

Do Not Publish

1. [1]  The existence of a settlement agreement on which judgment could be rendered is an issue
in the trial-court cause.
2. [2]  For example, defendant Terry Tatum was non-suited in his individual capacity.