**Nancy L. SHOCKEY, Appellant,**

v.

**A.F.P., INC., Appellee.**

**No. 14–94–00730–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 6, 1995.

Richard Schechter, Houston, for appellant.

W. Stephen Benesh, Houston, for appellee.

Before YATES, ANDERSON and SEARS*, JJ.

**OPINION**

ANDERSON, Justice.

This is an attempted appeal arising out of an order granting death penalty sanctions for abuses of the discovery process.

Appellant, Nancy L. Shockey, filed on August 22, 1994, a motion requesting this court to dismiss this appeal for want of jurisdiction. Tex.R.App.Proc. 72. Appellant had previously perfected her appeal, but filed the motion based on the belief that no final judgment had been entered by the trial court disposing of all issues and parties. We agree and will grant the motion.

**Relevant Facts**

The facts, as shown in the record, demonstrate that on April 30, 1993, A.F.P., Inc. filed its Original Petition asserting that Shockey, a former associate, had failed to repay six promissory notes totalling $60,000, and approximately $9,500 in other expenses and charges incurred during the course of her employment with A.F.P. When Shockey failed to answer, A.F.P. filed a Motion for Default Judgment. The default judgment was granted on June 28, 1993, but was set aside on August 23, 1993, after Shockey filed a motion for new trial. Shockey then answered and filed counterclaims against A.F.P. and Gilbert Baker, President of A.F.P., which included claims for common law defamation, libel, tortious interference with prospective contracts, and tortious in-

---

* Justice Yates sitting for Justice Hudson. The

Hon. Ross A. Sears sitting by assignment.

terference with contract. Baker filed an answer as a counter-defendant.

After Shockey failed to appear for a deposition scheduled on March 25, 1994, A.F.P. filed a Counter–Motion for Sanctions requesting only attorneys' fees. When Shockey failed to appear for a second deposition on March 31, 1994, A.F.P. supplemented its Counter–Motion for Sanctions. In the supplement, A.F.P. requested reinstatement of the default judgment in its favor and recovery of its reasonable attorneys' fees and expenses. A hearing was held on April 4, 1994 to address A.F.P.'s requests for sanctions, and an order was entered that same date granting A.F.P.'s requested sanctions and dismissing Shockey's counterclaims. On April 18, 1994, the trial court entered a turnover order in favor of A.F.P. These two orders are the subject of the appeal.

## Analysis

In the motion to dismiss, Shockey contends that since (1) the April 4, 1994 Order granting sanctions shows that the claims by and between Shockey and A.F.P. were the only claims resolved, and (2) Baker was not entitled to any relief because he never applied to the trial court for relief, then Shockey's claims against Baker remain pending and unresolved. We agree.

A.F.P.'s Counter–Motion for Sanctions and its later Supplement to its Counter–Motion for Sanctions were styled, "A.F.P., Inc. v. Nancy L. Shockey."[1] The first motion states, "Plaintiff A.F.P., Inc. files its Response to Defendant Nancy L. Shockey's Motion to Quash and its Counter–Motion for Sanctions, ...." The supplement states "Plaintiff A.F.P., Inc. files this Supplement to its Counter–Motion for Sanctions, ...." Both motions requested specific relief only on behalf of A.F.P. Baker's name is not mentioned anywhere in either motion. The April 4, 1994 order is likewise captioned "A.F.P., Inc. v. Nancy L. Shockey" and only A.F.P. is mentioned in the order; Baker's

name is conspicuously absent. Moreover, Baker never filed a motion or other pleading requesting relief against Shockey.

In order for a judgment to be final and appealable it must dispose of all issues and parties before the court. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966). Here, the order of April 4, 1994 recites that the hearing arose out of, and was addressing, "Plaintiff A.F.P., Inc.'s Counter–Motion for Sanctions ..." and further asserts that "the Counter–Motion should be GRANTED." Mr. Baker, a counter-defendant at the time of the April 4, 1994 hearing and order, is not referred to either specifically by name, or generically by designation as a counter-defendant. Moreover, Mr. Baker and A.F.P. were both represented by the same attorney, but the counter-motion for sanctions and the later supplement were signed by that attorney as representing only "Plaintiff, A.F.P., Inc." Thus, Baker was not a movant for sanctions at the April 4, 1994 hearing, the only movant before the court was A.F.P., and a trial court may not impose sanctions for a party *sua sponte* inasmuch as notice is an essential element for the proper imposition of sanctions. *Zep Mfg. Co. v. Anthony,* 752 S.W.2d 687, 689 (Tex.App.— Houston [1st Dist.] 1988, orig. proceeding).

Our decision is buttressed by the clear meaning of the April 4, 1994 sanctions order. That order states that "ORDERED that Defendant's [Shockey's] counterclaims be, and the same are hereby, DISMISSED WITH PREJUDICE to refiling; ...." Shockey had filed multiple counterclaims against both A.F.P. and Baker. We cannot conclude that the recitation in the order dismissing "Defendant's counterclaims" tacitly embraces those filed by Shockey against Baker as well as A.F.P. It is, therefore, apparent that the April 4, 1994 order did not dismiss Shockey's counterclaims against Baker. In addition, the order did not sever out Shockey's cause of action against Baker. Accordingly, Shockey's cause of action against Baker remains,

---

**1.** We do not, however, place any reliance on the fact that the pleadings are styled "A.F.P., Inc. v. Nancy L. Shockey" and omit Baker's name. It appears this convention, while not strictly accurate, was followed throughout the course of the litigation. Once Baker was added as a party via Shockey's counterclaims, however, the better practice would have been to restyle the pleadings to include Baker.

and, consequently, there is no final judgment in the cause below. Absent a judgment that is final because it disposes of all parties and issues, this court has no jurisdiction to entertain this appeal. *Higginbotham v. Bemis Co., Inc.,* 722 S.W.2d 511 (Tex.App.—Beaumont 1986, no writ).

We grant Ms. Shockey's motion and dismiss this cause for lack of jurisdiction. All other pending motions in this cause are dismissed because they are now moot.