Nichols v. Henderson 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-258-CV

     CHERYL NICHOLS,
                                                                                              Appellant
     v.

     DIANE LANE HENDERSON,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 94-1218-3
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Cheryl Nichols appealed from a discovery-abuse-sanction order dismissing her negligence
claims against Diane Henderson. Tex. R. Civ. P. 215.2.b(2), (5), 3. Henderson has filed a
motion to dismiss, alleging that we do not have jurisdiction over this appeal. Because we agree
with Henderson, we will grant her motion and dismiss this appeal.
      The transcript was filed on September 7, but no statement of facts has followed. Although
Nichols' brief was due on October 6, no appellant's brief has been filed. We notified her of this
defect by letter on October 24 and informed her that her appeal was subject to dismissal for want
of prosecution. Tex. R. App. P. 60(a)(2), 74(l)(1), 83. In a sworn response to the letter, she
requested an extension of time to file her brief because:
The trial court has not signed a final judgment in the case disposing of all the parties and
all the issues before the court. Therefore there is some confusion as to when a final
judgment in the case will be rendered.
. . . 

The order appealed from the trial court is not the final judgment in the case. Because there is
some confusion as to when a final judgment will be rendered disposing of all the parties and issues
before the trial court, this will prevent the appellant from making a proper presentation of the case
to the appellate court.
      In response to the information in her motion, we notified her that it appeared that we did not
have jurisdiction over her appeal. Id. 60(a)(2). On the same day, Henderson filed her motion to
dismiss, alleging that she "continues to pursue a counterclaim against [Nichols] for property
damage from the same automobile accident." Ten days have passed and Nichols has not
responded to Henderson's motion or to our notice. Id. 19(e), 60(a)(2).
      Nichols sued Henderson for personal injuries and damage to her car after she and Henderson
had a car wreck. Henderson counterclaimed, alleging that Nichols was responsible for the
collision. The court dismissed Nichols' "case" against Henderson but did not dispose of
Henderson's counterclaim. The court's order does not finally dispose of all the issues in the cause
and is, therefore, interlocutory. Shockey v. A.F.P., Inc., 905 S.W.2d 629, 630-31 (Tex.
App.—Houston [14th Dist.] 1995, n.w.h.); see also Speer v. Stover, 711 S.W.2d 730, 734 (Tex.
App.—San Antonio 1986, no writ). Absent a statute making an interlocutory order appealable,
a final judgment is necessary to our jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(Vernon 1986); New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex.
1990). The Rules of Civil Procedure specifically provide that an "order of sanction shall be
subject to review on appeal from the final judgment." Tex. R. Civ. P. 215.3; see also Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 1995). The sworn facts in Nichols' response
to our notice and Henderson's allegations in her motion to dismiss establish that we do not have
jurisdiction over her appeal. New York Underwriters, 799 S.W.2d at 678-79.
      Therefore, we grant Henderson's motion and dismiss this appeal.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion granted, dismissed for want of jurisdiction
Opinion delivered and filed November 22, 1995
Do not publish