# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00256-CV

**Robert Mihailovich, Appellant**

**v.**

**John E. Jewell, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT**
**NO. D-1-GN-08-002656, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order setting aside its judgment in a bill of review proceeding. Appellant Robert Mihailovich contends that the trial court's order setting aside the judgment is void because it was rendered after the trial court's plenary power expired. Because we conclude that the trial court's order setting aside its judgment was issued during that period of time in which the trial court had plenary power over its judgment and that it is an interlocutory order not subject to review on appeal, we dismiss the instant appeal for lack of jurisdiction.

Appellee John E. Jewell obtained a default judgment against Mihailovich in *Jewell v. Mihailovich, et al.*, No. D-1-GN-06-000346 (Travis County Dist. Ct. Apr. 11, 2006).[1] Thereafter, the trial court also entered a summary judgment against Mihailovich.

---

[1] In that same cause, on July 31, 2006, Jewell also obtained a default judgment against Sequoia Wealth Management, L.L.C. The trial court later granted Sequoia's motion for new trial based on lack of proper service.

On July 24, 2008, Mihailovich filed a petition for bill of review in the trial court in cause No. D-1-GN-08-002656—the proceeding from which the instant appeal arises. The record reflects that another party also bearing the name "John E. Jewell" filed and served an answer and appeared pro se in the bill of review proceeding.[2] This party also filed a joint motion with Mihailovich requesting the trial court to grant the bill of review and to dismiss Mihailovich with prejudice in the underlying proceeding. After considering the pleadings and evidence, the district court entered a "Final Judgment and Order" on November 12, 2008, granting the relief requested in Mihailovich's bill of review and dismissing Mihailovich with prejudice from the underlying proceeding.

On January 7, 2009, John E. Jewell, the party who had originally sued Mihailovich in cause No. D-1-GN-06-000346, filed a motion to set aside the trial court's judgment and grant a new trial. A hearing was held on the motion to set aside judgment on January 21, 2009.[3] After the hearing, the trial court entered an order setting aside the judgment entered on November 12, 2008. The trial court's order states:

> After considering the pleadings, evidence, and argument of counsel, the Court finds that the *Final Judgment and Order on Petitioner Robert Mihailovich's Petition for Bill of Review* signed on or about November 12, 2008, should be set aside.

---

[2] Although there is some confusion in the record, the John E. Jewell who appeared pro se and filed pleadings in the bill of review proceeding in cause no. D-1-GN-08-002656 is not the same John E. Jewell who sued Mihailovich and obtained a default judgment in cause no. D-1-GN-06-000346. Apparently, Mihailovich served the wrong John E. Jewell when Mihailovich filed his bill of review proceeding.

[3] Mihailovich claims that he did not appear at the hearing on January 21st because neither he nor his counsel received notice of the hearing.

Further, and upon good and sufficient evidence, the Court finds that Defendant John E. Jewell was never served with process in this lawsuit, that the John E. Jewell who was served and who agreed to the judgment is not the John E. Jewell named in Mihailovich's lawsuit, and that the proper John E. Jewell did not receive notice of the judgment signed in this lawsuit until December 16, 2008. The Court finds that, in accordance with Rule 306a of the Texas Rules of Civil Procedure, the time period for Jewell to file a motion to set aside or to vacate the judgment signed in this cause began on December 16, 2008.

It is therefore ORDERED that the *Final Judgment and Order on Petitioner Robert Mihailovich's Petition for Bill of Review* signed in this cause be, and hereby is, set aside.

Mihailovich appeals from the trial court's order setting aside its judgment. In a host of issues, Mihailovich argues that the trial court's order setting aside its judgment is void because it was rendered after the trial court's plenary power expired. We disagree.

The trial court rendered its final judgment in the underlying bill of review proceeding on November 12, 2008. Mihailovich correctly argues that in the absence of a timely filed motion for new trial the trial court loses plenary power 30 days after its judgment is signed. *See* Tex. R. Civ. P. 329b. However, Rule 306a of the rules of civil procedure also provides that if a party or his attorney does not receive notice or actual knowledge of an adverse judgment or other appealable order within 20 days after it is signed, then the period in which to file a motion for new trial, among other pleadings specified in Rule 306a(1), begins to run on the date that a party receives notice or acquires actual knowledge of the signing, whichever occurs first, so long as such period begins no longer than ninety days after the original judgment or other appealable order was signed. *Id.* 306a(4).

In its order setting aside the November 12, 2008, judgment, the trial court expressly found that Jewell did not receive notice of that judgment until December 16, 2008. This was well

3

within the time period prescribed in Rule 306a(4). *See id.* We therefore conclude that Jewell's motion to set aside the judgment and grant a new trial was timely filed on January 7, 2009.[4] We also conclude that the trial court's order setting aside its judgment was within the trial court's plenary power, which was extended by the timely filing of Jewell's motion. *See id.* 329b(c), (e).

With regard to Mihailovich's appeal from the trial court's order setting aside its judgment, we conclude that this Court lacks jurisdiction over such an appeal. This Court has jurisdiction over appeals from final judgments, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001), or from interlocutory orders as specified in section 51.014 of the civil practice and remedies code, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008). To be final and appealable, a judgment must dispose of all parties and issues in a case. *Lehmann*, 39 S.W.3d at 195. The trial court's order setting aside its judgment of November 12, 2008, does not dispose of all parties and issues in the case, nor does it fall within the limited class of appealable, interlocutory orders identified in section 51.014. *See, e.g., City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex. App.—Dallas 2003, pet. denied) (statutorily authorized interlocutory appeals are a narrow exception to the general rule that only final judgments and orders are appealable); *Higginbotham v. Bemis Co.*, 722 S.W.2d 511, 512 (Tex. App.—Beaumont 1986,

---

[4] We reject Mihailovich's claim that Jewell was not entitled to file a motion to set aside the judgment on the grounds that Jewell was not a party to the bill of review proceedings. The trial court's order setting aside its judgment expressly found that the John E. Jewell who agreed to the judgment in the bill of review proceedings was not the John E. Jewell named in Mihailovich's lawsuit, and that the proper John E. Jewell was never served with process in Mihailovich's lawsuit. Because "John E. Jewell" was the named defendant in Mihailovich's suit and the proper John E. Jewell filed the motion for new trial and to set aside the trial court's judgment, we find no error in the trial court's consideration of Jewell's motion.

no writ) (order imposing discovery sanctions that did not dispose of all parties and issues was not final and appealable). Instead, the trial court's order setting aside its judgment puts the parties back in the position they were in when Mihailovich filed his petition for bill of review—i.e., there is no final judgment.

We further observe that a trial court's order setting aside a default judgment and granting a motion for new trial is not reviewable by direct appeal or from a final judgment rendered after further trial court proceedings. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 235-36 (Tex. 1984) (per curiam); *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 683 (Tex. App.—Dallas 2000, no pet.). The trial court's order setting aside its judgment in this case is no different. Accordingly, we dismiss this appeal for lack of jurisdiction.[5]

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: October 14, 2009

_____

[5] To the extent appellant requests this Court to treat his appeal, in the alternative, as a petition for writ of mandamus, we deny relief for the same reasons expressed in our opinion.