ACCEPTED
03-13-00698-CV
6662975
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/26/2015 2:10:18 PM
JEFFREY D. KYLE
CLERK

# CAUSE NO. 03-13-00698-CV

———————————————————————

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/26/2015 2:10:18 PM
JEFFREY D. KYLE
Clerk

———————————————————————

DOREEN RUBIO,

Appellant,

v.

JAMIE WALSH, ET AL.,

Appellees.

———————————————————————

On appeal from the
53rd District Court of Travis County, Texas
Cause No. D-1-GN-10-004125

———————————————————————

## MOTION FOR REHEARING

———————————————————————


Tracy J. Willi
State Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd., Ste. 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202

ATTORNEY FOR APPELLANT,
DOREEN RUBIO

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................. ii

**I.     UNDER THE TEXAS "FAIR NOTICE" RULE, DOREEN PROPERLY PLEADED PAROL SALE**.......................................1

**II.    THE EVIDENCE SHOULD BE REVIEWED FOR FACTUALLY INSUFFICIENCY AS WELL AS LEGAL INSUFFICIENCY.** ...............4

**III.   SANCTIONS CANNOT BE NOT BASED UPON TRIAL COURT'S INHERENT AUTHORITY.** .......................................5

**IV.    CONCLUSION AND PRAYER.** ....................................................8

CERTIFICATE OF COMPLIANCE........................................................9

CERTIFICATE OF FILING AND SERVICE ..........................................9

# INDEX OF AUTHORITIES

## Cases

*Boyert v. Tauber,*
    834 S.W.2d 60 (Tex. 1992) ........................................................................2

*Boyles v. Kerr,*
    855 S.W.2d 593 (Tex. 1993) ......................................................................2

*Cain v. Bain,*
    709 S.W.2d 175 (Tex. 1986) ......................................................................4

*Cauble v. Worsham,*
    70 S.W. 737 (Tex. 1902) ...........................................................................4

*Cire v. Cummings,*
    134 S.W.3d 835 (Tex. 2004) ......................................................................8

*Dawson v. Tumlinson,*
    150 Tex. 451, 242 S.W.2d 191, (1951) ......................................................4

*Francis v. Thomas,*
    129 Tex. 579, 106 S.W.2d 257 (1937) ........................................................2

*Greene v. Young,*
    174 S.W.3d 291 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ..........6

*Hooks v. Bridgewater,*
    111 Tex. 122, 229 S.W. 1114 (1921) ..........................................................2

*Horizon/CMS Healthcare Corp. v. Auld,*
    34 S.W.3d 887 (Tex. 2000) ........................................................................1

*In re Acceptance Ins. Co.,*
    33 S.W.3d 443 (Tex. App.—Fort Worth 2000, no pet.) ...............................7

*In re Bennett,*
    960 S.W.2d 35 (Tex. 1997) ...............................................................5, 6, 7

*In re Park Mem'l Condo. Ass'n,*
    322 S.W.3d 447 (Tex. App.—Houston [14th Dist.] 2010, orig.
    proceeding) ...............................................................................................7

*Kugle v. DaimlerChrysler Corp.*,
     88 S.W.3d 355 (Tex. App.—San Antonio 2002, pet. denied) .......................7

*Ojeda v. Ojeda,*
     461 S.W.2d 487 (Tex. Civ. App.—Austin 1970, writ ref'd n.r.e.) ...............3

*Shockey v. A.F.P., Inc.*,
     905 S.W.2d 629 (Tex. App.—Houston [14th Dist.] 1995, no writ) ...............7

*Thompson v. Dart,*
     746 S.W.2d 821 (Tex. App.—San Antonio 1988, no writ) ..........................5

*Troxel v. Bishop,*
     201 S.W.3d 290 (Tex. App.—Dallas 2006, no pet.) ......................................4

*Walker v. Walker,*
     488 S.W.2d 171 (Tex. Civ. App.—Waco 1969, writ ref'd n.r.e.) .................2

*Zep Mfg. Co. v. Anthony*,
     752 S.W.2d 687 (Tex. App.—Houston [1st Dist.] 1988, no writ) .................6

## Statutes and Rules

TEX. BUS. & COM. CODE § 26.01 ...........................................................................2

TEX. PROP. CODE § 5.021 .....................................................................................2

TEX. R. CIV. P. 67 ................................................................................................2

**I. UNDER THE TEXAS "FAIR NOTICE" RULE, DOREEN PROPERLY PLEADED PAROL SALE.**

This Court' opinion asserts that parol sale was not pleaded and refuses to consider the issue. Op. at 5. However, the Plaintiff's First Amended Original Petition does raise the issue of parol sale. "In the alternative to adverse possession, Plaintiff asserts that the deceased, Joan Walsh Breheny gave the Property to Plaintiff in exchange for caring for the deceased, and *with the understanding the Plaintiff would pay the taxes and mortgage on the Property and improve the Property. The amounts paid by Plaintiff on the mortgage, taxes, and improvements from 1993 through 2013 total in excess of $100,000.00.*" CR 2103 (emphasis added). There were no special exceptions to this pleading. This pleading is sufficient to establish the claim that the property was given to her as a result of her payments – the very definition of a parol sale.

Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Doreen's pleading discusses the nature of the claim and that Doreen expected to rely on testimony that she paid for the house to show that she now owns the house. When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader. *Id*. at 897, *citing*

*Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993). Moreover, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TEX. R. CIV. P. 67.

Generally, a conveyance of real property must be in writing. *See* TEX. BUS. & COM. CODE § 26.01; TEX. PROP. CODE § 5.021. However, the Texas Supreme Court emphatically stated that for an oral contract to purchase realty to be enforceable three things must occur: (1) payment of the consideration, (2) possession by the vendee, (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor, or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921). These steps invoke the doctrine of partial performance and are seen as sufficient evidence of the agreement because they provide affirmative corroboration of the agreement by both parties to the agreement. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992); *Francis v. Thomas*, 129 Tex. 579, 106 S.W.2d 257, 260 (1937); *Hooks*, 229 S.W. at 1117.

Payment of consideration in full is not required in order to remove a parol sale from the operation of the statute of frauds where the purchaser has possession of the land and has made valuable improvements thereon. *Walker v. Walker*, 488 S.W.2d

2

171, 173 (Tex. Civ. App.—Waco 1969, writ ref'd n.r.e.). Moreover, there is no statute of limitations that applies to this type of action because the enforcement of a parol sale is, in essence, a suit for the removal of cloud on title and a cause of action for its removal is never barred while the cloud exists. *Ojeda v. Ojeda*, 461 S.W.2d 487, 488 (Tex. Civ. App.—Austin 1970, writ ref'd n.r.e.).

The trial court was mistaken on the law that a writing was necessary to support a parol gift or parol sale of real property. "The law in Texas is clear about how you – you give gifts or you contract property out. And that means there has to be a writing." RR III, 301. The mistake of law was compounded by counsel for Jamie Walsh, "And when it comes to real property, we all know you've got to have that in writing." RR III, 79. Doreen, representing herself at trial, was not able to apprise the court of the correct legal standard to apply, but the law applies nonetheless. The facts were presented at the trial. This Court determines how to apply the law to those facts.

The evidence supporting the parol sale of this property is undisputed. Doreen paid over $110,000 on Joan's mortgage of this property as consideration. Doreen has been in continuous possession of the property since 1993. Further, Doreen made valuable and permanent improvements to the property. The evidence is overwhelming in support of a parol sale and the case should be rendered in favor of Doreen on this basis.

3

## II. THE EVIDENCE SHOULD BE REVIEWED FOR FACTUALLY INSUFFICIENCY AS WELL AS LEGAL INSUFFICIENCY.

In one sentence, without addressing any evidence, this Court's opinion states that the court has "considered and weighed all the evidence and concluded that the district court's implied findings are not so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust." Op. at 5, citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). This Court's opinion does not address the evidence supporting parol sale. This Court's opinion does not address the factual sufficiency of the evidence supporting any of Doreen's complaints.

As an alternative to parol sale, the evidence also supported parol gift. Texas law recognizes that a gift of realty can be made in two ways: either by deed or by parol gift. *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex. App.—Dallas 2006, no pet.). The elements of a parol gift of realty are the same as those for parol sales of realty, except there must be evidence of gift, and of course proof of consideration is not required. *Dawson v. Tumlinson*, 242 S.W.2d 191, 193 (Tex. 1951); *Cauble v. Worsham*, 70 S.W. 737, 738 (Tex. 1902).

The same facts that support a parol sale also support a parol gift. Jamie testified that his mother was giving the house to him until Doreen took it over in 1993. Joan had a history of purchasing homes and giving them to her children. When Doreen took possession of the house, she had the same deal with Joan as Jamie previously did. To establish an oral gift of an interest in real property, a party must

4

show: (1) a gift in praesenti or a gift at the present time; (2) possession under the gift by the donee with the donor's consent; and (3) permanent and valuable improvements made on the property by the donee with the donor's knowledge or consent or, without improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. *Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex. App.—San Antonio 1988, no writ). Jamie could not claim that the parol gift to him was complete because he did not fulfill the third element. The only difference between Jamie's parol gift with Joan and Doreen's parol gift was that Doreen made substantial improvements to the house, thereby completing the parol gift, whereas there was no evidence that Jamie made any improvements to the property.

## III. SANCTIONS CANNOT BE NOT BASED UPON TRIAL COURT'S INHERENT AUTHORITY.

This Court's opinion determines that the sanctions were issued pursuant to the trial court's "inherent power." Op. at 7. Since this is the only basis upon which this Court can justify the sanctions, it is clear that the sanctions must be reversed. While a trial court has authority to impose sanctions based upon inherent authority, such sanctions are not appropriate without notice and the opportunity to be heard.

This Court cites *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) as authority for a trial court to rely upon its inherent authority to order sanctions. Op. at 7. However, *In re Bennett* involved a show cause order that provided the parties with notice that

5

the court was considering the exercise of its inherent authority and an opportunity to be heard on the matters delineated in the show cause order. *Id.* at 37. In this case, the only motion for sanctions on file was Jamie Walsh's Motion to Strike Discovery and for Sanctions. CR233-36. The motion was exclusively based upon the assertion of Doreen's alleged failure to respond to discovery requests. *Id.* There was no mention in that motion of invoking the trial court's inherent authority to sanction. *Id.* There was no mention in that motion of any alleged failure to appear at scheduled hearings, as apparently relied upon in this Court's opinion. *Id.*; Op. at 7. The response to the motion asserts, with attached evidence demonstrating that Doreen did, in fact, respond and fully comply with the discovery requests in writing and by making the documents available for inspection. CR 264-80. The Order Imposing Sanctions specifically bases its sanctions upon Jamie Walsh's Motion to Strike Discovery and for Sanctions. CR 288.

"Notice is essential for the proper imposition of sanctions." *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 690 (Tex. App.—Houston [1st Dist.] 1988, no writ). Although a trial court has the inherent authority to impose sanctions, and may do so sua sponte, the trial court is not permitted to sanction out-of-court conduct without first providing notice and an opportunity to be heard. *See, e.g., Greene v. Young*, 174 S.W.3d 291, 293 n.4 (Tex. App.—Houston [1st Dist.] 2005, pet. denied);

*Shockey v. A.F.P., Inc.*, 905 S.W.2d 629, 630 (Tex. App.—Houston [14th Dist.] 1995, no writ).

The trial court's "inherent power to punish without prior notice and meaningful hearing exists only with respect to 'direct' contempt," that is, to contempt that occurs in the court's presence. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 449 (Tex. App.—Fort Worth 2000, no pet.). "Like contempt proceedings, proceedings for sanctions must comport with due process, affording a party an adequate opportunity to be heard." *Id.* at 451. By sanctioning Doreen without notice and an opportunity to be heard, the trial court violated her due process rights and clearly abused its discretion. *See In re Bennett*, 960 S.W.2d at 40 (noting that the right to due process limits a court's power to sanction); *In re Park Mem'l Condo. Ass'n*, 322 S.W.3d 447, 450 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) ("Due process, on a fundamental level, requires notice and a fair opportunity to be heard."); *Kugle v. DaimlerChrysler Corp.*, 88 S.W.3d 355, 361 (Tex. App.—San Antonio 2002, pet. denied) ("A trial court abuses its discretion if it violates due process by imposing sanctions without notice or a meaningful hearing.").

The fact that this Court cannot support the sanctions order based solely upon the motion for sanctions on file demonstrates that the sanctions order should be reversed. Doreen was not placed on notice of any other basis for sanctions other

7

than the motion on file regarding discovery issues. A trial court's imposition of sanctions is reviewed under the abuse of discretion standard of review. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). Since the only basis for this Court to sustain the sanctions order is the trial court's inherent authority, and the trial court did not have the inherent authority to sanction Doreen under the circumstances of this case, the sanctions order should be reversed.

## IV.    CONCLUSION AND PRAYER.

Doreen Rubio requests this Court to grant this Motion for Rehearing and reconsider its opinion.

Respectfully submitted,


/s/ Tracy J. Willi
Tracy J. Willi
Texas Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd., Ste. 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202
twilli@willi.com

ATTORNEY FOR APPELLANT,
DOREEN RUBIO

## **CERTIFICATE OF COMPLIANCE**

In accordance with Texas Rule of Appellate Procedure 9.4, I hereby certify that this document contains 1,890 words.

/s/ Tracy J. Willi
Tracy J. Willi

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that this document was filed with Clerk of Court through the Court's electronic filing system and served on opposing counsel by the same manner or, if counsel is not registered for service through the electronic filing system, then by facsimile or U.S. Mail to the parties and also by email to Ms. Stewart on August 26, 2015 as follows:

**Trial and Appellate Counsel for Jamie Walsh:**
Ellen P. Stewart
stewart@bls-legal.com
Barnes Lipscomb Stewart & Ott, PLLC
2901-D Bee Caves Rd.
Austin, TX 78746
512-328-8355
512-328-8413 (Fax)

**Appellee *Pro Se*:**
Emmet Walsh, an individual, son of Joan Walsh, deceased
2215 Silver Holly Lane
Dallas, Texas 75082

**Appellee *Pro Se*:**
Ellen Thornton, an individual, daughter of Joan Walsh, deceased
and as Trustee for Kevin Walsh, incapacitated son of Joan Walsh, and as
Trustee for Lauren Loprintze-Walsh, Torrance Rubio, and Gabriel Rubio,
biological children of Doreen Rubio
224 W. 259th Street
Bronx, New York 10471

/s/ Tracy J. Willi
Tracy J. Willi